## Clay, et al. v. Trimble, et al.

(Decided September 23, 1915.)

### Appeal from Montgomery Circuit Court.

Nuisance—Streets—Obstruction of.—When a street or public way has been dedicated or set apart for public use, no person has the right to obstruct any part of it, and if he does, any one owning property abutting on the street or way, or having the right to enjoy the use of the street or way, may maintain an action against the person making the obstruction to require him to remove it.

LEWIS APPERSON for appellants.

JOHN G. WINN for appellees.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

In February, 1906, Mrs. Everett sold and conveyed to John T. Ricketts a parcel of land in the city of Mt. Sterling, situated on the east side of Maysville street. The deed provided that a public way to be known as Everett Avenue "is to be opened up by the second party to the property herein conveyed and to be forty feet wide, and to run from Maysville street up to what is to be known and called Ricketts street."

Some time after this Mrs. Everett sold and conveyed to J. Will Clay a lot fronting on Maysville street and running back with the avenue described as Everett Avenue something over one hundred feet, and on this lot Clay, soon after its purchase, built a residence. After this, and in 1909, Ricketts divided the property that he had purchased from Mrs. Everett, or at least a part of it, into lots and advertised them for sale.

At this time it appears that Everett Avenue had not been opened, or, at any rate, it was not improved, but in the sale of these lots it was recognized as a public way intended to furnish an outlet from Maysville street to the lots Ricketts advertised for sale. At the sale of these lots, about twelve in number, Clay and the other appellants became purchasers of some of these lots, and Trimble and the other appellees became the purchasers of others. All of the lots so sold and purchased either fronted on or had outlets through other streets to Everett Avenue, and thence to Maysville street, one of the principal streets of the city. After Clay purchased the lot on which he built his residence, and before the sale of lots by Ricketts, he made an embankment in Everett Avenue several inches high and some six or eight feet wide, running from Maysville street up Everett Avenue by the side of the lot he had purchased for a distance of about seventy feet.

This suit was brought by Trimble and some of the other purchasers of lots at the Ricketts sale for the purpose of requiring Clay to remove the embankment he had put in Everett Avenue, so that it might be used as a public street the full width of forty feet as it was intended to be in the deed made by Mrs. Everett to Ricketts.

After the issues had been made up and the evidence taken, the case was submitted for hearing, and the lower court adjudged that Clay should remove the wall and fill

made by him in Everett Avenue or that the plaintiffs be permitted to remove same, so that this avenue might be opened its entire width for the benefit of all persons entitled to its use.

From this judgment Clay prosecutes this appeal. Several grounds are urged in brief of counsel for Clay why the judgment below should be reversed. It is said that the demurrer to the petition should have been sustained. Further, that the plaintiffs and defendants were all tenants in common and therefore no right of action would lie in behalf of some of them against the others. Also, that Ricketts had no title to any part of Everett Avenue and therefore could not convey to the plaintiffs any interest therein that would authorize them to prosecute an action against Clay for obstructing this avenue. A further objection urged to the prosecution of the suit of Trimble and others is that Ricketts agreed, as a part of the contract in the sale of lots purchased by Trimble, to reimburse Trimble for any expense he might be put to in a suit brought for the purpose of having Everett Avenue opened, such as was the purpose of this suit.

We do not, however, think it necessary in disposing of this case to enter into a discussion of any of these grounds for reversal, as it does not seem to us that any of them are meritorious.

The facts of the case, briefly, are that Everett Avenue, for a space of forty feet wide, was dedicated and set apart for public use by Mrs. Everett in her deed to Ricketts, and this deed was made and recorded before Clay bought his lot abutting on Everett Avenue from Mrs. Everett. When Ricketts came to have a sale of lots fronting on Everett Avenue or on other streets to which Everett Avenue furnished an outlet, he recognized the existence of Everett Avenue, and all of the purchasers of lots bought them with the knowledge and understanding that Everett Avenue was to be an outlet from these lots to the principal street known as Maysville street.

It is very apparent that Clay had no right to take possession of or in any manner obstruct any part of the forty feet set aside for Everett Avenue, although it may be that the obstruction he placed in the street did not interfere with its travel and added to its beauty. It is also, we think, plain that any of the persons who owned lots of ground on this avenue or who were entitled to its use, had the right to bring an action for the purpose of

having Clay remove the obstruction that it is admitted he placed in this avenue.

When a street or public way has been dedicated and set apart for public use, no person has the right to obstruct any part of it, and if he does, any one owning property abutting on the street or way or having the right to enjoy the use of the street or way may bring an action against the person making the obstruction to require him to remove it.

The judgment is affirmed.