## Winter Brothers v. Mays.

(Decided June 2, 1916.)

### Appeal from Campbell Circuit Court.

1. Municipal Corporations—Streets—Held in Trust for Public Use.— The authorities of a municipality hold the streets in trust for the public use, and are not authorized to let them for the erection of booths, and the conduct of private business in them from such booths.

2. Injunction—Obstruction of Streets—Interference by Chancellor.— Before the chancellor is authorized to interfere by the process of an injunction in behalf of one who complains of an obstruction in a street, it must appear that such complainant is suffering a special injury, which is not common to all the public alike; that his remedy at law is inadequate, and that he will suffer a substantial injury from the obstruction.

THOMAS P. CAROTHERS for appellants.

BRENT SPENCE for appellee.

OPINION OF THE COURT BY JUDGE HURT.—Affirming.

The appellants instituted a suit in the circuit court, for Campbell county, against the appellee, and by their petition, in substance, claimed that they were citizens and taxpayers of Dayton, and were engaged in the business of selling refreshments at or near the bathing beaches in that city. Just what character of refreshments they dealt in does not appear. They alleged that they were possessed of the privilege of placing the receptacles or booths, from which the refreshments were sold, upon the lands of Christian Dorna, and upon a portion of his lands which abutted upon Walnut street on the park and bathing beach property of Dorna, which lies to the north of Second avenue; that Walnut street is a street, which has been dedicated to public use of the city; that appellee has erected and is conducting or about to commence the busi-

ness of conducting a lunch and refreshment stand in Walnut street, being that part of the street dedicated to public use at a point abutting the property of Dorna and the place and places where the plaintiffs are granted the privilege by Dorna so to do; that the acts of appellee were an interference with their rights as citizens and taxpayers of the city, and with their rights as keepers of refreshment stands; that the appellee had no grant from the owners of the abutting property to so conduct his business; that they had no adequate remedy at law, and that unless appellee should be restrained from conducting his business from the booth in the street, that they would suffer great and irreparable injury. The appellants prayed an injunction against appellee to restrain him from placing a stand in the street or doing business therefrom. The appellee demurred generally to the petition, but the demurrer was never passed upon.

The appellee filed an answer, in which he alleged that he had been granted a permit by the board of council of the city to locate his booth in the street and conduct the business of vending "soft drinks," confections, etc., from the booth, and in addition, alleged that Walnut street, north of Second avenue, where his booth was located, was an unimproved street, which had never been improved by any one, and consisted for the most part of a sand bar along the Ohio river. These allegations were never denied, but a demurrer was properly sustained to the answer as a defense to the action.

Thereafter appellee filed an amended answer, by which he denied the averments of the petition as to his booth interfering with appellants' rights in any way, and that the appellants had not an adequate remedy at law, or that they would suffer any injury therefrom.

A temporary injunction was granted as prayed for, and thereafter the action, by agreement of the parties, was submitted for trial upon the motion of appellee to dissolve the injunction, as well as for final judgment in the case, when the court adjudged that the injunction be dissolved and the petition dismissed, and from this judgment the appellants have prosecuted an appeal.

Neither party offered or introduced any evidence in the case, and hence the correctness of the judgment appealed from must be determined from the averments in the pleadings; and the facts upon which appellants rested their case appear, alone, from the petition.

The answer and amended answer did not present a defense, as the amended answer merely denied the conclusions of the pleader, in the petition; and the city authorities, holding the street in trust for the public use, were without authority to grant appellee the privilege of erecting a booth or conducting his private business in the street, and hence the permit granted him by the authorities of the city, and under the authority of which he alleged that he was acting, did not vest him with any right. Buckner v. Trustees of Augusta, 1 Mar. 9; Dillon on Municipal Corporations, sec. 660; Trustees v. Perkins, 3 B. M. 441; Giltner v. Trustees, 7 B. M. 681; Alves v. Town of Henderson, 16 B. M. 168; Covington v. McNickels, 18 B. M. 284; 28 Cyc. 860.

The granting of an injunction to restrain appellee from placing his booth in the street, which was dedicated to the public use, at or near the place where appellants had booths and were conducting their business was the only relief sought by appellants, and their petition did not contain a statement of facts which authorized the interference of the chancellor by the process of an injunction. It is a well established doctrine, that in the absence of a special injury suffered by him, and is one common to the general public, on account of a nuisance in the street of a town or city, he is not entitled to an injunction to abate it. Before an individual is entitled to have an injunction granted him to abate a nuisance in the street, such as is here complained of, he must show that he is suffering an injury not common to the public, that he has no adequate remedy at law and the injury is substantial. If the injury is suffered by all the public alike and has no feature specially injurious to any one, recourse must be had to the public authorities to abate the nuisance. 28 Cyc. 901; Labry, &c. v. Gilmour, etc., 28 R. 311; High on Injunctions, secs. 762, 763.

In the case at bar, the appellants do not claim in their petition that their landlord has any ownership in fee of the street, or that the booth of appellee in any way obstructed their right of egress or ingress, which they had, nor of any private right which they had, because of being abutting property owners, or any injury, if any, suffered more than was common to all the public. There is no averment as to what part of the street, with reference to their booths, that the booth of appellee occupied, and nothing which shows any substantial in-

jury to be suffered by them.  The averment is that appellee had placed his booth in the street, and that the street abutted the property of their landlord. Hence, the judgment is affirmed.