## Nieten v. Kimsey.

(Decided November 20, 1917.)

## Appeal from Henderson Circuit Court.

1. Easements—Prescription.—Where plaintiff's vendor had legal title to a vacant lot, the use of such lot as a means of ingress and egress to and from her tenant house by the vendor is not an adverse user.

2. Boundaries—Description.—Where, in deeds conveying a vacant lot lying between Carlisle street and premises, on which was a tenant house, and two streets 420 feet apart, one end of the lot is described as "facing 85 feet on First street and running back that width 200 feet to an alley," and the other end as "facing 84 feet on Second street and running back that width 200 feet to an alley," the "alley" is 20 feet wide, and extends from Carlisle street, the full width of the lots, to the tenant house.

3. Deeds—Property Conveyed.—By such deeds, grantees acquired no title to the alley or any rights therein except the right of user incident to the ownership of abutting lots.

4. Appeal and Error—Pleadings Treated as Filed.—Where the trial court considered a pleading as filed and that its allegations were put in issue, upon appeal it will be so treated whether it was formally filed or not.

5. Injunction—Title of Plaintiff.—In an action to enjoin an adjoining lot owner from closing an alley and interfering with plaintiff's use thereof, evidence held to show that plaintiff had such interest as would entitle her to injunction.

6. Appeal and Error—Reversible Error.—Where defendant did not have any right to an alley, except to use it as such, a judgment enjoining him from closing it or interfering with plaintiff's use of it cannot be reversed upon appeal, because not affecting defendant's substantial rights.

H. M. STANLEY and B. S. MORRIS for appellant.

JOHN C. WORSHAM for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In the city of Henderson, Carlisle street, running north and south, crosses First and Second streets at right angles. From First street to Second street it is 420 feet. Prior to 1910, Mrs. Maria Breckenridge owned the rectangular plat of ground, bounded by these three streets and extending back westwardly from Carlisle street along First and Second streets, a distance of 248 feet. In August, 1910, she conveyed to Ben T. Kimsey a strip off of the western side of this tract, 164 feet wide, extending from First street to Second street, leaving her the owner of the strip 84 feet wide next to Carlisle street, which was vacant and uninclosed.

In June, 1914, Ben T. Kimsey sold to plaintiff and appellee, Lucy Frances Kimsey, a portion of the strip of ground conveyed to him by Mrs. Breckenridge, adjoining the vacant lot she retained, fronting 60 feet on Second street, and running back that width a distance of 250 feet. On the boundary line of this lot, abutting the vacant lot, is an old house, originally a stable, but for some time it has been used as a dwelling house and rented to negro tenants. This house faces Carlisle street, which can be reached by persons going to and from the house only by crossing the vacant lot owned by Mrs. Breckenridge; and, for more than fifteen years, people, in going to and from this tenant house, had been accustomed to cross this vacant lot of Mrs. Breckinridge along whatever route they preferred to take, but, as she owned both the house and vacant lot until 1910, there was, of course, no adverse user by her tenants.

Mrs. Breckenridge having died after the conveyance to Ben T. Kimsey, her heirs, on July 5, 1912, sold and conveyed to defendant and appellant, F. M. Nieten, a por-

tion of the vacant lot lying between the Kimsey lot and Carlisle street, which is described as facing 85 feet on First street, and running back that width a distance of "200 feet to an alley"; and, upon the same date, sold and conveyed to one Joe Cotton the other end of that lot, which is described as facing 84 feet on Second street and running back that width "200 feet to an alley." As the distance from First to Second street is 420 feet and the heirs of Mrs. Breckenridge conveyed to Nieten a lot only 200 feet deep running back to an alley, and to Cotton the other end of the lot 200 feet deep back to an alley, it is apparent that the alley, referred to between these two lots and in the rear of each, is 20 feet wide and extends from Carlisle street the full width of the lots, and ends against the old tenant house, formerly a stable, on the rear of appellee's lot; and that the heirs of Mrs. Breckenridge did not convey to Nieten or to Cotton any part of this twenty-foot alley; and that neither Nieten nor Cotton has any title to the alley, or any right in or to it, except such right to its use as is incident to their ownership of the abutting lots.

In May, 1915, appellant constructed a fence across the mouth of this alley at Carlisle street, and, thereafter, appellee filed this action against him to require him to remove the fence and to enjoin him from obstructing or interfering with her use of the alley, asserting in herself a prescriptive right to its use. The defendant demurred to the petition, but, before the demurrer was acted upon, he filed an answer, traversing the allegations of the petition which asserted in plaintiff a prescriptive right to the use of the alley, after which the demurrer to the petition was sustained. Plaintiff then filed a first and second amended petition, in which she withdrew the allegations of her original petition relative to her prescriptive right to use the alley, and, in lieu thereof, stated that the heirs of Mrs. Breckenridge, by their conveyances to Nieten and Cotton, in July, 1912, "granted and set apart for the use of the aforesaid grantee and the public, including this plaintiff, the alley mentioned in the petition; . . . and that since said dedication said alley had been opened, and has been accepted and used by the general public, including plaintiff and her tenants, and was being so used at the times of the acts complained of in the petition. . . . that the defendant has at no time had any interest in or right to the said alley except such a right as was common to the general public to use

and enjoy the same, and that neither defendant nor any one else has any right to close or interfere with the right of the general public, including this plaintiff, to use and enjoy said alley.'' The allegations of the first and second amended petitions were traversed by reply.

Thereafter, plaintiff tendered, and moved to file, a third amended petition, again asserting a prescriptive right to use the alley, to the filing of which defendant objected, and the motion to file was continued. At a subsequent day of the same term of court, the case came on for trial and the court, upon consideration of the pleadings and proof, filed a written opinion, which was made a part of the record, and entered a judgment enjoining the defendant from attempting to close, or to interfere with the free use by plaintiff and others of the public of the alley; and from this judgment this appeal is prosecuted.

1. Appellant attacks the authenticity of the record, which shows that the third amended petition tendered by the plaintiff was filed. We do not deem it necessary, however, to consider that question, because it is conclusively shown that in the trial of the case the court considered the pleading to have been filed and its allegations to have been put in issue by the original answer of defendant; and under an established rule of this court it will be so treated upon the appeal, regardless of whether or not it was formally filed. Carter v. Stennet, 49 Ky. (10 B. M.) 250; Hawkins v. Ball, 57 Ky. (18 B. M.) 816; Bowler v. Lane, 60 Ky. (3 Metc.) 311; Day & Congleton Lumber Co. v. Mack, Stradler & Co., 24 R. 641; Shields v. Lewis, 24 R. 822; Barnard-Leas Mfg. Co. v. Washburn, 30 R. 813; Woolley v. City of Louisville, 114 Ky. 556.

2. As we have stated, it is conclusively shown that appellant has no title whatever to any of the ground embraced by the alley; obviously, therefore, he did not have any right to close it or to interfere with any right of plaintiff to the use of it, and plaintiff was entitled to an injunction to prevent such interference, if she had the right to use it either as a public alley or as a private passway. The right of the occupants of the tenant house to pass over the intervening vacant lot of Mrs. Breckenridge, in getting into or out of the house and in going to and from the building to Carlisle street, was exercised as a matter of necessity to the enjoyment of the lease of the house, with Mrs. Breckenridge's acquiescence during

her lifetime, both before and after plaintiff bought her lot. That plaintiff had, under her purchase, some sort of right to use the vacant lot in going to and from her tenant house and to enter or leave it by the front door, was clearly recognized by the heirs of Mrs. Breckenridge in their conveyances to Nieten and Cotton, because they did not sell to either of them any part of the strip of ground, 20 feet wide, leading directly from plaintiff's tenant house to Carlisle street, to have done which would have closed the openings on that side of the house. And it does not seem to us necessary to the decision of this case, in which the rights of the owners of the land are not involved, to define the character of plaintiff's right to use the alley, whether as a private passway, or as a public alley, or upon license from the owner coupled with an interest; but, even as against the owners, it would seem that there can be no question as to her interest in and right to use it.

The action of the Breckenridge heirs, in not conveying the strip of ground leading from this tenant house to Carlisle street, and in describing it as an alley in the deeds to both Nieten and Cotton, cannot be construed otherwise than as either a dedication of the alley to the public, or a recognition of plaintiff's interest in and right to use it as a passway to her tenant house, as a necessity to the full enjoyment of her premises, in conjunction with Nieten and Cotton as an entrance to the rear of their lots. But, whatever might be the rights of the owners, upon any construction, plaintiff had the right to an injunction against the defendant to prevent his interference with her use of the alley.

Moreover, as defendant has no right, title or interest in the alley, except to use it as such, his rights are in nowise prejudiced by the judgment enjoining him from closing it or interfering with plaintiff's use of it, and for this reason alone a reversal must be denied, as we are by statute forbidden to reverse a judgment unless the substantial rights of the party complaining are prejudiced.

Wherefore, the judgment is affirmed.