## Maxwell, et al. v. Fayette National Bank of Lexington.

(Decided December 19, 1919.)

### Appeal from Fayette Circuit Court.

1. Nuisance—Abatement and Injunction.—A private individual is not entitled to injunctive relief to abate a public nuisance unless he has sustained some special injury thereby not common to the public.

2. Nuisance—Obstruction to Sidewalk—Abatement and Injunction.— In an action by an individual seeking a mandatory injunction to compel removal of obstructions from the sidewalk placed thereon by an abutting property owner, evidence held insufficient to show such a special injury to plaintiff's property as would entitle him to the relief sought.

SHELBY, NORTHCUTT & SHELBY and GEORGE B. KINKEAD for appellants.

JOSEPH S. BOTTS and GEORGE C. WEBB for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellee's banking and office building in Lexington, entirely covering its lot, faces Main street and runs back along Upper street 78 feet to the lot owned by appellants, upon which is a business house fronting Upper street. The sidewalk on this side of Upper street is about 11 feet wide, a portion of which, however, next to the bank building is occupied by an areaway 57 feet 9 inches in length and 4 feet 6 inches in width, surrounded by an iron railing, and containing steps for an outside entrance to the basement of the building. Main street is the principal business street and this corner is near the business center of the city. Appellants brought this action in equity seeking a mandatory injunction to compel the bank to remove the areaway above described from the sidewalk, alleging that it was a nuisance and a wrongful and unlawful interference with the right of ingress and egress appur-

tenant to their lot.   Upon a trial their petition was dismissed and they have appealed.

The defendant acquired its lot in 1871, at which time there was a business house thereon designated in the record as the Fitch building, with some    sort    of    an entrance-way into the basement in the sidewalk on Upper street, as is shown, we think, by a preponderance of the evidence.   This house was torn down by the defendant and a three story building, known as the "old bank building" erected thereon in 1871 and 1872, with an areaway containing a stairway to the basement, and outside steps into both the front and rear entrances to the banking room, besides several ornamental columns, which were built outside the property line and on the Upper street sidewalk.   In 1913 this old bank building was removed and the present or new bank building, of fifteen stories, constructed, and the present areaway is some 6 or 8 inches wider and considerably longer than the one it supplanted, but the sidewalk for 18 feet next to plaintiffs' building is practically unobstructed now, whereas from 1871 to 1913 steps to a side entrance to the old bank building extended into the sidewalk near if not adjacent to plaintiffs' lot.

The differences in extent and location of these several portions of the sidewalk which defendant has used formerly, and is now using in connection with its adjacent buildings, are quite immaterial in our view of the case, so we shall not attempt to more accurately describe them. That plaintiffs also do not regard these differences as material is apparent since they are not seeking to remove the recently added width and length of  the   areaway merely, but seek to remove the entire areaway and every projecting portion of the building itself upon the theory that they have an absolute right in the unobstructed use of the entire sidewalk and are entitled to injunctive relief to remove any obstructions therefrom.

Our opinion that these differences in the extent and location of the several obstructions in the sidewalk are immaterial in this action is based upon our conclusion that appellants failed to show that the present areaway and projections beyond defendant's property line into the sidewalk, sought to be removed, interfere with the ingress and egress to or from plaintiffs' lot, or injured same in any way, and that without such a showing they are not entitled to injunctive relief.   If correct in this view of the evidence and the law, the chancellor did not

err in dismissing the petition and we need not consider the several affirmative defenses asserted by the defendant.

The evidence shows without contradiction that neither the rental nor salable value of appellants' property has been depreciated or affected by the defendant's encroachment upon and appropriation of portions of the sidewalk adjacent to its property. Nor is there any evidence whatever that any one seeking to go to or from appellants' lot was ever prevented or interfered with in doing so. The unobstructed portion of the sidewalk along the side of the areaway is approximately 6 feet 6 inches wide, and it affirmatively appears from the evidence that this is reasonably sufficient at all times to accommodate the people who have used or desired to use it as a sidewalk.

Practically these same conditions have existed for more than forty years, and with knowledge thereof the city granted defendant a permit to construct the new building and areaway as they now exist, and refused upon plaintiffs' application during the construction of the new building to interfere therewith upon the ground that the encroachments upon the sidewalks did not interfere with the reasonable use thereof. These facts are not seriously disputed, if at all, by appellants.

We therefore have no trouble in sustaining the chancellor's finding of fact, that the obstructions placed in the sidewalk by defendant, even if a public nuisance, have occasioned the appellants no special or peculiar injury. That under such circumstances they are not entitled to injunctive relief to abate a nuisance is the clearly established rule in this jurisdiction.

In Barr, &c. v. Stevens, 1 Bibb 293, the court said:

"Upon general principles that common interest which belongs equally to all and in which the parties suing have no special or peculiar property will not maintain a suit. Thus a public nuisance is not the subject of a suit by a private individual unless he has sustained some special injury thereby."

In Winter Bros. v. Mays, 170 Ky. 554, we said:

"Before an individual is entitled to have an injunction granted him to abate a nuisance in the street, such as is here complained of, he must show that he is suffering an injury not common to the public, that he has no adequate remedy at law, and the injury is substantial."

In the case of Husband v. Cotton, 171 Ky. 177, it was said:

"The court recognizes the general rule which requires an individual seeking relief against a public nuisance to show an injury distinct from that suffered by the general public."

· Other cases recognizing the same doctrine are: Cosby v. O. & R. R. Co., 10 Bush, 292; Beckham v. Brown, 9 Ky. L. R. 520; Corley v. Lancaster, 81 Ky. 174; Labry v. Gilmour, 121 Ky. 367; Crammond v. Newman, 143 Ky. 544.

To the same effect are 28 Cyc. 901, and High on Injunctions 762.

An exception to this rule is recognized where the entire street is appropriated: Bohne v. Blankenship, 77 S. W. 919; Salmon v. Martin, 156 Ky. 309.

Even further than the general doctrine above stated the right of the abutting property owner to make reasonable use of the street which does not interfere with the enjoyment of the use of it by the public is recognized in: Transylvania v. City of Lexington, 3 B. Mon. 27; Home Laundry Co. v. City of Louisville, 168 Ky. 499; Leitchfield Mercantile Co. v. Commonwealth, 143 Ky. 165; Pickrell v. City of Carlisle, 135 Ky. 126.

The only case even seemingly supporting the contention of appellants is Clay v. Trimble, 165 Ky. 697, in which the doctrine here involved does not seem to have been presented or considered by the court, and which was doubtless not applicable for some reason not apparent from the opinion. It cites none of the cases referred to above that preceded it and which have since been more than once followed by this court

Wherefore the judgment is affirmed.