## Trustees of the Town of Caneyville, et al. v. Phelps, et al.

### (Decided November 30, 1923.)

### Appeal from Grayson Circuit Court.

Municipal Corporations—Abutting Owner Not Entitled to Injunctive Relief in Absence of Special Injury from Obstructions in Street.—Owner of property abutting on street is not entitled to injunctive relief to abate a nuisance consisting of obstructions in the street, unless he can show a special or peculiar injury not common to the public.

ALLEN P. CUBBAGE and L. A. FAUREST for appellants.

J. T. BASHAM and Z. T. PROCTOR for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellee Phelps and appellant Willis own lots abutting on the south side of Maple street in Caneyville, a town of the sixth class. Between their lots is an alley 20 feet in width. Maple street is sixty feet wide, west of the alley and in front of Phelps' lot. Willis built a sidewalk in front of his lot, which is about 14 feet out in the street if the latter is the same width in front of his lot and east thereof as it is in front of Phelps' lot and west thereof.

Phelps instituted this action against Willis and the town council for a mandatory injunction directing Willis to remove, and the town council to cause him to remove his sidewalk, a hedge fence and some shade trees alleged to be in the street.

The chancellor granted the relief asked, and the defendants, for reversal of the judgment, insist: (1) that

the sidewalk, fence and trees are not in the street; (2) that, even if this be not true, plaintiff was estopped to complain because he sold Willis his lot representing and warranting it to include the portion now claimed to be in the street, and permitted him to improve it at great expense without objection; and (3) that plaintiff proved no special or peculiar injury, and was not, therefore, entitled to injunctive relief in any event.

The chancellor's conclusions of fact, that the street is sixty feet in width throughout its length, and that plaintiff did not convey the strip of ground involved to Willis or make any contrary representations or warranties, and that he protested to the town council and Willis before the obstructions were constructed or planted are, we think, sustained by the weight of the evidence. As a consequence there is no merit in appellant's first two contentions.

But even though these obstructions in the street are a public nuisance, as unquestionably they are, the rule is thoroughly established that to entitle plaintiff to injunctive relief to abate such a nuisance, he must show a special or peculiar injury not common to the public, and this he failed to do. The single effort in this direction was his own testimony that a wagon drawn by four horses could not be placed in front of the door of his poultry house, located on the corner of his lot, so handily as it could be except for the obstructions in front of Willis' lot and across a 20-foot alley from his poultry house. Even this slight alleged inconvenience is completely refuted by the evidence for defendants.

The chancellor, in his judgment, does not state he found as a fact that plaintiff suffered any special or peculiar injury from the obstructions, and although counsel for plaintiff insist such injury was proved, they do not rest their case upon that fact alone, but rather upon the case of Clay v. Trimble, 165 Ky. 697, 178 S. W. 1036, in which it was broadly stated, without citation of authority or reference to the question of special injury, that any one owning property abutting a public street or way, or having the right to use it, may maintain an action to require the removal of an obstruction therein. That this case is not to be considered authoritative upon the question now being considered was pointed out in the case of Maxwell v. Fayette Nat. Bank, 186 Ky. 625, 217 S. W. 690, where, upon authority of many cases cited, the doctrine was reaffirmed that even an abutting owner must prove

special and peculiar injury to enable him to abate a public nuisance created by an obstruction in a public street, not in front of his property, and which does not appropriate the entire street.

We are, therefore, of the opinion the court erred in granting plaintiff the relief sought, and the judgment is reversed with directions to dismiss the petition.