## Wallace, et al. v. Jackson, et al.

(Decided February 28, 1928.)

### Appeal from Estill Circuit Court.

1. Injunction.—Where there is an irreparable injury, courts of equity assume jurisdiction to grant injunction on ground of inadequacy of remedy at law, but it must generally be made to appear to satisfaction of court that injury is of such character that action at law will not afford equitable relief.

2 Municipal Corporations.—Where injunction was sought to compel removal of brick storehouse erected on lot and portion of ground which was part of street for reason that it obstructed abutting landowner's use of street and abutting landowner's lot fronted on street running in same general direction, held it would be inequitable and unjust to compel owners of building to remove that portion covering ground which was part of street.

3. Municipal Corporations.—Where building was erected, portion of which was upon ground which was part of street and abutting lot owner was deprived of access to street, held that lot owner had adequate remedy at law, in that he could recover difference in market value of lot immediately prior to erection of street building and market value immediately after erection of building.

CLARENCE MILLER for appellants.

GRANT E. LILLY for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This action was instituted by the appellees against the appellants to compel the appellants to remove an obstruction from Cross street in the city of Irvine, or, if that should not be done, to recover damages to their lot by reason of the obstruction. The appellants are members of the city council of the city of Irvine and the owners of a lot on which the obstruction was erected. The obstruction is a brick storehouse. Cross street is 66 feet wide and runs east and west. What was formerly the River road, and which is now Broadway, entered Cross street from the southeast. This street is not as wide as Cross street, and at the point where it entered Cross street there was left a triangular piece of ground bounded by the Miller lot, the one on which the brick storehouse was erected, on the north, and the lot of appellees on the east. The hypothenuse of the triangle is about 25 feet in length. The brick storehouse covers this triangle and as a result it shuts off the outlet from

appellees' lot into Cross street on the west. Their lot fronts on the River road, now Broadway, on the south, and abuts on Cross street and the Miller lot on the west. It is shown by the evidence that this triangle has never been used by the city, and, in fact, when Cross street was paved and the sidewalks were laid, the city did not treat this triangle as a part of the street. It is contended that the city had abandoned that portion of the street, and there is some evidence that before the erection of the storehouse the then owner of the Miller lot had some arrangements with the city council whereby he was allowed to occupy this triangular piece of ground in consideration of his allowing the city to have a piece of ground elsewhere, but that is not sufficiently established to be binding on the city or the lot owners. There is no contention that this triangular piece of ground had been held adversely for more than 15 years prior to the enactment of section 2546, Ky. Stats., in 1873, and there is no attempt to show that any notice was ever given to the city as required by that section. It is thus made to appear that no one is in position to rely on adverse possession in this case. There is no doubt that the city of Irvine may, by proper proceedings, close a street, or any part thereof, but there is nothing in this record showing that any such proceeding has ever been taken.

It was held in the case of Clay v. Trimble, 165 Ky. 697, 178 S. W. 1036, that when a street has been dedicated and set apart for public use no person has a right to obstruct any part of it.

The evidence in the case was sufficient to justify the chancellor in his finding that the triangular piece of ground was a part of Cross street. He granted an injunction compelling the removal of that portion of the brick storehouse which covered the piece of ground in controversy. He gave the owners one year in which to comply with the judgment. The question before us is whether the appellees manifested a right to have that portion of the storehouse removed. The city of Irvine is making no complaint, and it is not necessary to consider what would be the rights of the parties if the city were demanding a removal of that portion of the building. Appellees are complaining because the obstruction and the excavating done in connection with the erection of the building has depreciated the value of their property. While they have a frontage on Broadway, and while Broadway runs diagonally into Cross street they

insist that their property has been damaged by reason of their being deprived of the frontage on Cross street, and also that their lot has been damaged by reason of the excavating done in connection with the erection of the building.

Where there is an irreparable injury, courts of equity assume jurisdiction to grant an injunction on the ground of the inadequacy of the remedy at law. It must generally be made to appear to the satisfaction of the court that the injury for the prevention of which equitable relief is invoked is of such character that an action at law will not afford equitable relief. 14 R. C. L. 346, thus states the rule:

"Courts do not enjoin the construction or use of public utilities and improvements at the suit of private individuals unless the damage is both serious in amount and irreparable in character."

It is also there said:

"There are injuries incapable of being repaired which a court of equity does not regard as irreparable. And, on the other hand, there are injuries that may be repaired which it will nevertheless treat as irreparable, if the person inflicting or threatening them be insolvent or unable to respond in damages."

In the case of Maxwell v. Fayette National Bank, 186 Ky. 625, 217 S. W. 690, a similar question was before this court, although the evidence in that case showed that neither the rental nor salable value of the property belonging to the complainant had been depreciated or affected by the appropriation of portions of the sidewalk adjacent to his property. In that case the court said:

"We therefore have no trouble in sustaining the chancellor's finding of fact, that the obstructions placed in the sidewalk by defendant, even if a public nuisance, have occasioned the appellants no special or peculiar injury. That under such circumstances they are not entitled to injunctive relief to abate a nuisance is the clearly established rule in this jurisdiction."

It is true that the evidence in this case tended to show that appellees had been damaged, but we are not convinced by the evidence that they had no adequate

remedy at law.  In the Maxwell case, supra, the case of Clay v. Trimble, supra, was criticized and it was stated that it was the only case seemingly supporting the contention that an abutting property owner had no right to make reasonable use of the street when it does not interfere with the enjoyment of the use of it by the public. The court cited cases holding that an abutting property owner might make a reasonable use of the street when such use did not interfere with the enjoyment of the use by the public.  The cases cited were Transylvania University v. City of Lexington, 42 Ky. 25; Home Laundry Co. v. City of Louisville, 168 Ky. 499, 182 S. W. 645; Leitchfield Mercantile Co. v. Commonwealth, 143 Ky. 165, 136 S. W. 639; Pickrell v. City of Carlisle, 135 Ky. 126, 121 S. W. 1029, 24 L. R. A. (N. S.) 193.

The case of Powers v. Ward et al., 200 Ky. 478, 255 S. W. 105, 34 A. L. R. 230, is in point.  In that case a residence had been constructed over a passway, and the court concluded the opinion as follows:

> "In view of the fact that Ward's residence has already been constructed over the passway, and its removal would entail great expenses, we think the ends of justice may be fully met by requiring Ward, at his election, either to provide Miss Powers another passway equally safe and convenient as the passway in question, and to pay her damages for the obstruction of the latter up to the present time, or to pay her damages for the permanent obstruction of the passway in question.  To this end the parties may take additional evidence as they may desire."

In view of the fact that appellees own a lot which fronts on Broadway, and Broadway and Cross street run in the same general direction, we are convinced that it would be inequitable and unjust to compel the owners of the building to remove that portion of the brick storehouse which covers the triangular piece of land.  There is no contention that the building interferes in the slightest with the use of the street by the general public.  If the lot of appellees has been damaged, the appellees have an adequate remedy at law, in that they may recover the difference in the market value of the lot immediately prior to the erection of the store building and the market value of the lot immediately after the erection of the store building.

Judgment reversed, and cause remanded, for proceedings consistent with this opinion.