# Guinn et al. v. Cross et al.

March 4, 1941.

E. Bertram and R. B. Bertram for appellant.

J. G. Smith for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellants brought this action in the Clinton circuit court seeking to enjoin the defendants from excavating and removing a portion of the sidewalk abutting defendants' property on the east side of Washing-

ton Street in the town of Albany, Kentucky, for the purpose of constructing an entrance to a stairway leading to the basement under defendants' building.

It is alleged in the petition that appellants are joint owners of a two story brick store building located on the lot owned by them on the east side of Washington Street in which building they are conducting a business; that defendants are joint owners of a lot lying immediately south of appellants' building on which defendants have recently erected a two story business house extending from Cumberland Street along the east side of Washington Street and joins the south wall of appellants' building. It is further alleged that there is a concrete sidewalk extending from the intersection of Washington and Cumberland Streets from the northwest corner of the public square of said town along the east side of Washington Street north to appellants' building; that defendants have recently erected a business house on their lot above described, and have a basement under the building, and in order to afford ingress and egress to the basement, defendants are preparing, threatening and intending to dig and excavate in the street and sidewalk and remove therefrom approximately forty inches in width and ten feet in length of the sidewalk for the purpose of building and constructing an open stairway leading from the street and sidewalk into their basement under their building; that the proposed stairway or the entrance thereto will be located in the street and sidewalk leading from the public square directly to plaintiffs' building, and that the erection of said stairway or the proposed entrance thereto in the sidewalk will greatly interfere with and damage plaintiffs' property for the purpose for which it was erected and for which it is suited; that the making of the stairway entrance in the sidewalk will be extremely dangerous and hazardous for all persons using the street and sidewalk and that the value of plaintiffs' property will be greatly and materially decreased and injured by the building of said stairway in the sidewalk and street, etc. Plaintiffs also joined as party defendants J. F. Pierce and four other named members of the Board of Trustees of the town of Albany, which is a town of the sixth class, and called upon them to answer so that any rights of the town of Albany might be adjudged by the court in this action and because the trustees have failed to take

any steps or action to prevent the construction of said stairway entrance in the street and sidewalk. The Board of Trustees filed no answer, nor took any steps in behalf of the town or otherwise. We find no allegations, however, that ingress and egress to appellants' property would be obstructed by the construction of the stairway entrance, nor that appellants would suffer any special damage that would not be shared by the public in general. See Winter Brothers v. Mays, 170 Ky. 554, 186 S. W. 127; Morrow v. Richardson et al., 278 Ky. 233, 128 S. W. (2d) 560; Trustees of the Town of Caneyville et al. v. Phelps et al., 201 Ky. 190, 256 S. W. 3.

In the absence of any allegation that plaintiffs' ingress and egress would be obstructed or other showing that they would sustain special damage not shared by the general public, it is doubtful that the allegations of the petition show plaintiffs entitled to injunctive relief, even though it be conceded that they would suffer damages, since they would have an adequate remedy at law. Wallace et al. v. Jackson et al., 224 Ky. 25, 3 S. W. (2d) 766; Winter Brothers v. Mays, supra.

The appellees, J. A. Cross and Walker Cross, filed their joint answer in which they admitted the ownership of the buildings and the existence of the sidewalk described in the petition, and also of their intention to construct an entrance to the basement of their building by using a certain part of the sidewalk as set out in the petition, but denied all other allegations of the petition relating to the damage that appellants would sustain to their property and business because of the construction of the stairway entrance by removing and consuming a portion of the sidewalk, and further denied that it would endanger the public use of the sidewalk. Appellees further affirmatively pleaded in their answer that the sidewalk entrance contemplated by them would consume only thirty-seven inches in width and thirteen feet in length of the five foot sidewalk then in existence, and that the entrance or stairway would be protected by iron rails so as to prevent pedestrians or others using the sidewalk from walking or falling into said entrance or stairway, and that same was or would be a reasonable use of the sidewalk for ingress and egress to and from the basement of their building, and would neither interfere nor endanger the public use of the sidewalk. They also pleaded, or rather affirmatively denied, that

any great irreparable injury, or any injury, would result to appellants by the counstruction of the stairway entrance as alleged in the petition for the injunction, or that appellants were entitled to injunctive relief.

Appellees further pleaded in paragraph two of their answer that at the time of the filing of the action they had completed a two story brick building on a lot twenty feet wide by fifty-four feet long and located in the intersection of Washington and Cumberland Streets and their building covered their entire lot; that a full basement was constructed under the building and that in order to have access to the basement and be able to utilize it, it is necessary to have an entrance from the sidewalk on Washington Street; that after completing the building and basement, defendants built a new concrete sidewalk adjacent to the building the entire length thereof on Washington Street, which sidewalk is ten and one-half feet wide, whereas the old sidewalk, which they removed in order to construct the new one, was five feet wide, which had been in use for twenty years or more; that in building the new sidewalk defendants left out a space thirty-seven inches wide and thirteen feet in length adjacent to the building on Washington Street to be used in the construction of the entrance to the basement of their building, and the unobstructed part of the new sidewalk along the side of the stairway entrance is six feet eight inches wide and is more than sufficient at all times for the use of the public who have used or desired to use said sidewalk. They further alleged in substance that there were only two business houses fronting on the east side of Washington Street in addition to their building and only one house abutting the Street on the west side and the location of the sidewalk is such that there is no demand or occasion for any extensive use thereof, or it is not used by a great number of people. The affirmative allegations of the answer were not controverted by reply or otherwise, and are also admitted on demurrer. The evidence was taken and the court found that appellants were not entitled to the relief sought and dismissed their petition.

At the outset we are confronted with the motion of appellees to strike the bill of evidence containing the official stenographer's transcription of testimony which was heard orally before the trial court, because the same was not filed during the term of court at which the ac-

tion was tried nor was there any order entered at that term of the court extending the time for the filing of the transcription of the testimony as provided by Sections 334 and 337 of the Civil Code of Practice.

It appears that the case was tried on December 28, 1939, and on that day the present term of the court adjourned without making any order extending the time in which to prepare and file the bill of evidence, nor was any extension of time asked for, so far as the record discloses. The official stenographer transcribed the evidence and it appears to have been filed with the clerk on the 25th day of January, 1940. It is stated in the motion to strike the bill of evidence that same was approved by the trial Judge during vacation but the record before us does not show that it was approved at all by the court, or the Judge. We merely have the official stenographer's certificate dated January 25, 1940.

Since the bill of evidence was not filed and approved by the court during the term at which the case was tried, and no order being made extending the time to a day in the succeeding term, the motion to strike the bill of evidence is sustained and same is stricken from the record.

Appellants insist, however, that no evidence was necessary to show them entitled to the relief sought, since appellees admitted in their answer that they intended to do the act complained of, and in support of this contention the case of Nieten v. Kimsey, 177 Ky. 817, 198 S. W. 203, is relied on. But it is to be noticed, however, that the case supra involved the closing of the entire street or alley by placing an obstruction across the same which, of course, was an obstruction of ingress and egress to the complaining parties' property, a condition that does not appear in the case at bar. Appellants further rely upon the case of Clay et al. v. Trimble et al., 165 Ky. 697, 178 S. W. 1036, which alone might tend to support their contentions.

It will be observed, however, that the case supra was critized even to the extent of virtually overruling it by implication, in the later cases of Maxwell et al. v. Fayette National Bank of Lexington, 186 Ky. 625, 217 S. W. 690; Trustees of the Town of Caneyville et al. v. Phelps et al., supra, and Wallace et al. v. Jackson et al., supra, in all of which the court refused to follow the

Clay case and held a contrary view. In any event it appears that the Clay case is contrary to the weight of authority and we do not think it is controlling in the present case.

If the answer was insufficient to constitute a defense a different question might be present, but upon the pleadings as a whole and under the authorities cited, we conclude that the answer presented a valid defense, and since the evidence is not officially before us the only question to be determined is whether or not the pleadings support the judgment. From the resumé of the pleadings indicated above, measured to the authorities herein cited, it is at once obvious that they are sufficient to support the judgment.

Judgment affirmed.