## Jones v. Ramsey.

Oct. 26, 1945.

Ben D. Smith for appellant.

H. C. Kennedy for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Oda Jones brought this action in the Pulaski circuit court to enjoin W. H. Ramsey, Jr., from obstructing an alley in Park Addition in the City of Somerset and to require him to remove certain obstructions theretofore placed in the alley. Upon final submission of the case the chancellor dismissed the petition, and the plaintiff prosecutes this appeal.

In 1905 John C. Ogden subdivided a tract of land he owned in the City of Somerset, and filed in the office of the clerk of the Pulaski county court a plat of the subdivision showing the lots, streets and alleys. The plat shows two streets; Ohio street and Park street running north and south, and several alleys, each 16 feet wide, running east and west. Ohio street is paved, and Park street is unimproved. In 1935 John C. Ogden conveyed to appellee, W. H. Ramsey, Jr., lot No. 34, which fronts 60 feet on Ohio street and extends back to Park street. In 1936 appellant, Oda Jones, purchased lots 30 and 32, which front on Ohio street 120 feet and extend back to Park street. His home is located on lot No. 30. An alley 16 feet wide, extending from Ohio street to Park street, separates appellant's lot No. 32 and appellee's lot No. 34. From Ohio street to Park street is upgrade, but the degree of the ascent is not shown. Several years before

this litigation arose appellee constructed a concrete retaining wall across the alley in order to prevent erosion, as he claimed, and he also constructed a retaining wall and concrete steps alongside his lot. The retaining wall extended six inches into the alley and the steps extended into the alley 30 inches beyond the retaining wall. Appellant complained, and demanded that the obstructions be removed. Appellee did remove the concrete retaining wall across the alley, but did not remove the steps or the wall along his line. He testified that appellant's complaint at that time was directed only to the wall across the alley. He argues that appellant is estopped, has been guilty of laches, and further that the structures in the alley do not constitute an unreasonable obstruction. Appellee's argument that appellant is estopped and has been guilty of laches is based on the assertion that he saw appellee making the improvements in the alley; that he stood by while the work was being done, and made no objection. Appellant testified that he was not at home when the steps and wall were constructed, and knew nothing about the obstruction until the work was completed. His testimony is not controverted.

John C. Ogden, by filing the plat in the county clerk's office and selling lots with reference thereto, dedicated the street or alley 16 feet in width between lots 32 and 34. Fayette County v. Morton, 282 Ky. 481, 138 S. W. 2d 953; Alexander v. Tebeau, 132 Ky. 487, 116 S. W. 356, 18 Ann. Cas. 1092. In Morrow v. Richardson, 278 Ky. 233, 128 S. W. 2d 560, one of the streets in this subdivision was involved, and it was held that the streets named in the Ogden plat had been dedicated to the use of the purchasers of the lots and of the public, although the streets were not actually opened and there had been no acceptance by the city. Appellant's lot abuts on that part of the alley in which the obstruction was placed, and, consequently, he has suffered a special injury not common to the general public and may maintain an action to abate the nuisance. Husband v. Cotton, 171 Ky. 177, 188 S. W. 380, L. R. A. 1917A, 1150; Bohne v. Blankenship, 77 S. W. 919, 25 Ky. Law Rep. 1645; Williams v. Poole, 103 S. W. 336, 31 Ky. Law Rep. 757; Alsip v. Hodge, 214 Ky. 438, 283 S. W. 392.

In Clay v. Trimble, 165 Ky. 697, 178 S. W. 1036, 1037, the facts were very similar to the facts in the instant case. Clay, the owner of a lot abutting on a strip

of ground 40 feet wide, which had been dedicated as a street for the use of the public, had made an embankment in the street several inches high, 6 or 8 feet wide, and 70 feet long by the side of his lot. Trimble and other owners of property on the street brought an action to require Clay to remove the obstruction. This court said:

"It is very apparent that Clay had no right to take possession of or in any manner obstruct any part of the 40 feet set aside for Everett avenue, although it may be that the obstruction he placed in the street did not interfere with its travel and added to its beauty. It is also, we think, plain that any of the persons who owned lots of ground on this avenue or who were entitled to its use had the right to bring an action for the purpose of having Clay remove the obstruction that it is admitted he placed in this avenue.

"When a street or public way has been dedicated and set apart for public use, no person has the right to obstruct any part of it, and, if he does, any one owning property abutting on the street or way or having the right to enjoy the use of the street or way may bring an action against the person making the obstruction to require him to remove it."

This case has been distinguished in later cases, and in some respects has been criticised as in Guinn v. Cross, 285 Ky. 571, 147 S. W. 2d 375; Wallace v. Jackson, 224 Ky. 25, 3 S. W. 2d 766; Trustees of Town of Caneyville v. Phelps, 201 Ky. 190, 256 S. W. 3; and Maxwell v. Fayette National Bank of Lexington, 186 Ky. 625, 217 S. W. 690, but these cases recognized the rule that a private individual who, because of the obstruction of a street or highway, suffers some peculiar or special injury not common to the general public may maintain an action for the removal of the obstruction. In some of these cases the defendant had erected steps on the sidewalk or an entrance to the cellar of the building abutting on the sidewalk, and it was found that the structure was necessary to the use of the building and interfered only slightly with use of the sidewalk by the public, but in all of them it was found as a fact that the plaintiff had not suffered any special or peculiar injury from the obstructions. The question as to whether special injury has resulted from an obstruction must be determined from the particular facts and circumstances of each case. In the

present case the proof and photographs in the record show that appellee has ample space in his yard adjoining the alley for the construction of the retaining wall and steps, and that there was no necessity for constructing them in the alley. The expense of removing the obstruction will be slight. The street or alley is narrow, and the obstruction will materially interfere with appellant's right of ingress and egress to and from the abutting premises. If permitted to remain, it will depreciate the value of his lots. We think the facts show that appellant is entitled to maintain the action, and that the injunction should have been granted.

The judgment is reversed, with directions to enter a judgment in conformity herewith.