## Bowles v. Major et al.

Dec. 21, 1945.

Fritz Krueger and Homer B. Parrent for appellant.

W. O. Soyars, W. R. Rogers and Trimble & Trimble for appellees.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Appellant sought an injunction to restrain the appellee sheriff from selling a truck and appellee purchaser from buying the same above the ceiling price fixed by the Federal Office of Price Administration, generally known as OPA, and also sought judgment for treble the overcharge, or for a total amount of $3,217.98. From a judgment sustaining a general demurrer to appellant's petition and dismissing same this appeal is now prosecuted by the OPA Price Administrator.

Appellee, Pat H. Major, as Sheriff of Christian County, sold, December 20, 1943, a truck to the highest bidder at public auction under executions from Christian Circuit Court and Christian Quarterly Court. Under Emergency Price Control Act of Congress of 1942, 50 U. S. C. A. Appendix, sec. 901 et seq., which we shall refer to as the Act, the Price Administrator was empowered to issue and publish ceiling prices for certain articles of property. He did so, and such ceiling prices became effective August 16, 1943. Among these prices

was one of $1,477.34 for a truck of the same kind and character as that sold by the Sheriff under the court executions mentioned. The Sheriff's sale price at auction was $2,550 or $1,072.66 above the OPA ceiling price. The sale was made to appellee, Lawrence A. Yonts, as the highest bidder.

Since the legal sufficiency of appellant's petition to stand against appellees' general demurrer is the sole question for consideration on this appeal, we now quote the petition at full length:

"Comes the plaintiff, Chester Bowles, Price Administrator, Office of Price Administration, and for his cause of action against the defendants and each of them, states and alleges as follows:

"That pursuant to the provisions of Section 2A of the Emergency Price Control Act of 1942, as amended, (50 U. S. C. A. App. Section 901 through 946), the price Administrator issued and published in the Federal Register (8 F R 11176) Revised Maximum Price Regulation No. 341 to become effective on August 16, 1943, and said regulation was in full force and effect at all times referred to herein. Revised Maximum Price Regulation No. 341, among other things, provides that on and after August 16, 1943, no person shall sell or deliver any used vehicle at a price higher than the maximum price permitted by said regulation, and that no person, in the course of trade or business, shall buy or receive a used vehicle at a price higher than that permitted by said regulation.

"Plaintiff further states that the defendant, Pat H. Major was, at all times referred to herein, the duly elected, qualified and acting Sheriff of Christian County, Kentucky.

"Plaintiff further states that on or about December 20, 1943, the defendant, Pat H. Major, pursuant to Execution No. 259, duly issued by the Clerk of the Christian Circuit Court; Execution No. 15421, duly issued from the Christian Quarterly Court; and Execution No. 17104, duly issued from the Christian Quarterly Court, sold and delivered at public auction to the highest bidder, Lawrance A. Yonts, one of the defendants herein, a used commercial motor vehicle, to-wit: One 1942 International, Model K 6 Truck for the sum of $2,550.00; that the ceiling price for said truck as established by Re-

vised Maximum Price Regulation No. 341 was $1,477.34, and that the sale price exceeded the maximum ceiling price by $1072.66; treble the amount by which the consideration or purchase price exceeded the maximum price is $3,217.98.

"The plaintiff further states that the defendant, Lawrance A. Yonts, in the course of trade or business, bought and received the above described used commercial vehicle for the sum of $2,550.00, paying therefor $1072.66 above the ceiling or maximum price thereof.

"Wherefore, plaintiff Chester Bowles, Price Administrator, Office of Price Administration, prays for a temporary and permanent injunction enjoining the defendant, Pat H. Major, individually and as Sheriff of Christian County, from selling used commercial vehicles at prices in excess of the ceiling prices therefor; and prays for a temporary and permanent injunction enjoining the defendant, Lawrance A. Yonts, from buying and receiving used commercial vehicles at above ceiling prices; and prays for a temporary and permanent injunction restraining and enjoining the defendants and each of them from violating the provisions of any other Regulation adopted pursuant to Section 2A of the Emergency Price Control Act of 1942.

"The plaintiff further prays for a judgment for and on behalf of the United States against the defendant, Pat H. Major, individually and as Sheriff of Christian County, Kentucky, for the sum of $3,217.98, for the plaintiff's costs herein expended and for all other proper and equitable relief to which he may be entitled."

Appellant says his petition's validity and vitality, which make it legally sufficient to withstand a general demurrer, are derived from the Act. Among other things, the Act provides for injunctive relief against sales made or about to be made above ceiling prices, for right of price ceiling enforcement in a state court and for right to recover damage for treble the amount of an overcharge by suit of the overcharged purchaser or, conditionally, by the OPA Administrator.

The right of application for an injunction appears, under the Act, to lie, when sales have been made above ceiling prices or when they are about to be so made, exclusively with the OPA Administrator.

The right of suit for treble damages appears, under

the Act, to lie primarily in the purchaser who bought the article in question above the ceiling price, provided he is a consumer and not a dealer, but secondarily such right of suit lies in the OPA Administrator, who becomes empowered to sue if such purchaser is not entitled to bring suit, that is in the event the purchaser is a dealer.

Questions arise on this appeal as to whether (1) the OPA Administrator stated a cause of action in his petition sufficient for an injunction in favor of such Administrator, and as to whether (2) the OPA Administrator stated a cause of action within himself for the treble damages claimed by him.

The appellant makes three statements in his brief as grounds for reversal or as reasons for upholding the legal sufficiency of the petition that he filed in Christian Circuit Court. Those statements are that (1) the Act expressly withholds from state courts any jurisdiction to determine the validity of price regulations issued under the Act and that (2) the Act is valid and constitutional and that (3) the trial court erred in refusing to be bound by the provisions of the Act.

These first two statements are true. The state courts have no jurisdiction to determine the validity of price regulations issued under the Act. Also, the Act is valid and constitutional. However, neither the validity of a price regulation nor the constitutionality of the Act was an issue in this case. The legal sufficiency of appellant's pleading was alone in issue. The third statement of appellant's brief appears to be incorrect. It is our view that the trial court did not put itself in the position of refusing to be bound by the Act. The trial court merely adjudged appellant's petition bad on demurrer. The trial court merely said make your pleading conform to the quality required by the rules in the judicial forum of that sovereignty known as Kentucky.

The appellant contends he was entitled to an injunction on the face of his petition by reason of the value of his single statement that a sale had been made by the appellee sheriff in excess of the OPA ceiling price. The Act itself, appellant points out, gives him injunctive relief on the basis of a mere occurrence of the overcharge sale denounced by the Act.

However, the Supreme Court of the United States has adopted an opposing view, having declared that traditional equity practice, sanctioned by a history and

background of several hundred years, had to be followed by this same appellant in a similar case, the seeming provisions of the Act to the contrary notwithstanding. Hecht Co. v. Bowles, 321 U. S. 321, 64 S. Ct. 587, 591, 88 L. Ed. 754. The Supreme Court said in that case: "We are dealing here with the requirements of equity practice with a background of several hundred years of history. Only the other day we stated that 'An appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity.' (Citing case.) The historic injunctive process was designed to deter, not to punish. The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims. We do not believe that such a major departure from that long tradition as is here proposed should be lightly implied. We do not think the history or language of sec. 205(a) compel it."

In the case of Wallace v. Jackson, 224 Ky. 25, 3 S. W. 2d 766, 767, this court announced the general rule to be that irreparable injury and inadequate remedy at law should be made to appear in order to obtain an injunction. These seem to be among the traditional requirements of our equity practice in Kentucky. The court used this language in its opinion: "Where there is an irreparable injury, courts of equity assume jurisdiction to grant an injunction on the ground of the inadequacy of the remedy at law. It must generally be made to appear to the satisfaction of the court that the injury for the prevention of which equitable relief is invoked is of such character that an action at law will not afford equitable relief."

Since the appellant's petition did not follow the general or traditional requirements of equity practice for the injunctive process, the Chancellor correctly sustained a general demurrer to the petition as to its sufficiency for injunctive relief.

The remaining question before us is whether or not the appellant stated a cause of action within himself for a judgment for treble the overcharge of this sale.

As we understand the Act as it relates to recovery of damages for treble the overcharge, its primary purpose is to provide a penalty to deter sellers who would overcharge. As a fundamental proposition, the right of suit is vested in the individual directly damaged. However, if the individual directly damaged by the overcharge is not one of that great host of little men known as the consuming public but is, on the contrary, some kind of a retail dealer in the overpriced commodity, then the right of suit under the Act shifts to the OPA Administrator. The reason for this shift is patent on its face. If the buyer is an ordinary consumer, he has been wronged by the overcharge and is entitled to the remedy. But if the buyer is a dealer in the overpriced commodity, he does not purchase to consume but to overcharge others in the course of his retail trade. That makes the buyer not one who is wronged but a wrongdoer himself, puts him in pari delicto. If the buyer is not a consumer but a dealer who is about to do some overcharging on his own account and is therefore an equal wrongdoer with the seller, then the remedial suit becomes vested in the OPA Administrator as a representative of the public interest.

Under this conception of the meaning and purpose of the Act, it is clear that the petition of the OPA Administrator should show unequivocally the character of the buyer involved in the transaction in order that the court may determine whether the right of suit for damage has shifted from its fundamental placement in the buyer over to the OPA Administrator himself.

Appellant's petition did not give a clear indication of the character of the buyer involved in this transaction, having incorporated conclusions of law rather than the hard facts in describing the buyer. The petition alleges the appellee purchaser bought and received the vehicle in question "in the course of trade or business." The petition should have clearly alleged that the purchaser did not buy as a consumer, that he was engaged in the business of a retailer of motor vehicles, that he bought the vehicle in question for the purpose of resale at a price above the OPA ceiling price. By thus pleading the facts rather than conclusions, the appellant would show a right of suit within himself by reason of the shift of such right from the buyer over to the OPA Administrator as a result of the described character of the buyer.

This court has frequently held that a petition is bad on demurrer where the essential requirements of the cause of action are met by pled conclusions rather than by pled facts.

In the case of Wilson, Banking Commissioner, v. Louisville Title Co., 244 Ky. 683, 51 S. W. 2d 971, 973, we stated: "The banking commissioner urges that, as the objections to the filing of his intervening petition were taken as a demurrer thereto, the allegations of his petition must be taken as true and that as he had alleged the Louisville Title Company was engaged in a 'banking and trust business,' that must be taken as true. That statement is but a conclusion of the pleader. The exhibits filed contradict that conclusion, and in passing on the question the court will not only look at the exhibits but also the statutes. When we do this our conclusion is that the petition of the banking commissioner was properly dismissed."

In our similar recognition of this same principle of sound pleading long required by this court, we said in the case of Begley v. Jones, 238 Ky. 239, 37 S. W. 2d 44, 45:

"Every lawyer is familiar with the general rule of pleading that facts and not conclusions should be pleaded, and that, if only the latter is contained in the pleading, it will not authorize the granting of relief, unless waived or cured in or by some recognized method, none of which appears in this case."

A close study of appellant's petition also discloses that it contains no allegation whatever showing any clear-cut legal authority in any person, whether the buyer who was overcharged, the OPA Administrator or any other party, to make a recovery of damages equivalent to the sum of treble the overcharge. Excepting a casual statement specifying what sum the trebled overcharge reaches in its total amount, there is not a line nor a word in the petition showing any right in the appellant or John Doe or any one else to recover the treble damages claimed.

Unless this court should waive the rules of pleading it has required litigants to observe through long decades of forgotten time, the petition in question is legally inadequate and undeniably deficient, both for injunctive relief and treble damages for the reasons mentioned herein and set out above.

No other question except that of the sufficiency of appellant's petition as a legal pleading has been considered or decided on this appeal.

The judgment is affirmed.