Mary M. STEPHENSON and Raymond C. Stephenson, Appellants,

v.

William H. ADAMS, Appellee.

Court of Appeals of Kentucky.

May 24, 1968.

Rehearing Denied Nov. 29, 1968.

Lawrence S. Grauman, Louisville, for appellants.

Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellee.

HILL, Judge.

The issues in this case were framed by appellants' complaint demanding that appellee Adams remove a cobblestone wall, 14 inches high, running along the edge of an alley that dead-ends at the rear of the residential lot of the Stephensons.

The appellee counterclaimed demanding court permission to improve the surface of the alley. Adams uses this alley to get to his garage.

The trial court denied both demands.

First we address the question presented by appellee's motion to dismiss the appeal for failure of the trial court to fix the amount in controversy required by KRS 21.070.

Appeals may be prosecuted as a matter of right where the amount in controversy exceeds $2500 with certain exceptions noted in KRS 21.060. Procedure for determining the amount in controversy is set out in KRS 21.070. By case law, this court has construed the statute as excusing the fixing of the amount in controversy where the amount in controversy cannot be reasonably determined. And in speaking of this inability of the trial court to fix and state the amount in controversy, we have used the term "not translatable" into monetary amount. Cf. Burchfield v. Ping, Ky., 284 S.W.2d 818 (1955); and Salyers v. Tackett, Ky., 322 S.W.2d 707 (1958).

We said in *Burchfield*, supra, 284 S.W. 2d at page 819:

"At the outset, it is suggested that this case is not subject to review because the record reflects that the monetary value of the timber was not over $316, and no motion for an appeal was made as provided by KRS 21.080. But it must be remembered that an injunction upon final judgment was also sought to prevent an alleged continuing wrong, which in this instance is hardly translatable into a monetary valuation."

In *Salyers*, supra, 322 S.W.2d at page 709 this court said:

"We have construed the statute as not giving jurisdiction to this court merely because injunctive relief is sought or has been granted, as where the subject of the controversy is of such a tangible nature that its valuation may be reasonably fixed. Eversole v. Combs, Ky., 287 S.W.2d 923. But in this case the claimed right of the appellant is not to recover property for herself or for her own benefit. It is to have what is claimed to be a public way opened up and freed of obstruction so that it can be used by the public. This is an intangible right, the nature of which is not translatable into a monetary valuation."

■ While the present injury claimed by the Stephensons is not great, the difficulty in fixing a monetary value upon the amount of damages in controversy is readily apparent. But the wrong complained of is a continuing one; and if the judgment appealed from is allowed to stand, the right of Adams to store his cobblestones upon the public way may last until doomsday, thereby constituting an obstruction to the property of appellants. And any future complaint or efforts by appellants to remove the cobblestones may be met with a plea of estoppel by judgment or the rule of *res adjudicata*.

It is concluded this case falls within those in which the amount in controversy is "not translatable." Hence the motion to dismiss the appeal is overruled.

■ Passing to the merits of the controversy, we find that the trial court found the alley on which the stones were stacked was a public one and that the alley abutted appellants' residential lot. However, the trial court found that appellants "have not shown any substantial injury or any special or peculiar injury sufficient to entitle them to an injunction." This conclusion we think is clearly erroneous. As we interpret the law, no private individual has a right to place any obstruction in a public way that may impede or interfere with the natural use and enjoyment of an abutting property owner of his property however negligible the injury may be at the moment. While the stones were not cemented, were stacked only 14 inches high, were no more than two to two and one-half feet wide, and there was evidence Adams intended only temporary storage of the stones, nevertheless the wall, as is, constituted an unauthorized obstruction of a public way.

In a very similar factual case, Jones v. Ramsey, 300 Ky. 692, 190 S.W.2d 37, 38 (1945), this court quoted and approved the following statement taken from Clay v. Trimble, 165 Ky. 697, 178 S.W. 1036:

" 'It is very apparent that Clay had no right to take possession of or in any manner obstruct any part of the 40 feet set aside for Everett avenue, although it may be that the obstruction he placed in the street did not interfere with its travel and added to its beauty. It is also, we think, plain that any of the persons who owned lots of ground on this avenue or who were entitled to its use had the right to bring an action for the purpose of having Clay remove the obstruction that it is admitted he placed in this avenue.

" 'When a street or public way has been dedicated and set apart for public use, no person has the right to obstruct any part of it, and, if he does, any one owning property abutting on the street or way or having the right to enjoy the use of the street or way may bring an action against the person making the obstruction to require him to remove it.' "

■ Adams has not cross-appealed. Hence the judgment denying his demand to be allowed to improve the alleys is not before us.

The judgment is reversed with direction to grant an injunction requiring appellee to remove the wall in question.

All concur.