JUDGE PRYOR
DELIVERED THE OPINION OP THE COURT.
W. K. Wall, on the 12th of August, 1852, conveyed to the president, directors, and company of the Covington & Lexington Railroad a small parcel of ground, situated in Harrison County and adjacent to the town of Cynthiana. The land conveyed, to use the language of the deed, was “ to be held by the railroad company for the purposes of a depot for said road for freight and passengers and the necessary buildings pertaining thereto, including a street thirty feet wide on the east and west sides thereof, to be kept open for public use, but not to be used for sale to or speculation with others, or as lots or depot for live-stock.”' The railroad company took possession of the ground under the conveyance, and have been using it in conjunction with the public since the year 1854. This use consisted in the constant travel over the ground with horses, wagons, cattle, and persons having business at the railroad depot. The thirty feet of ground designated as the street by the conveyance referred to was never marked or *63 staked off either as a street or road, and was never used or traveled over at any time, from its beginning at Bridge Street to its termination at or near the stock-pens. The use the public made of this thirty feet was in crossing it in order to get to the depot. The railroad company constructed a switch leading from the main track over the ground, or a part of it, embraced in the deed from Wall, so as to obstruct the travel upon the thirty feet of ground designated as the street. The grand jury of Harrison County, at the September term, 1871, of the circuit court, found an indictment against the appellants, charging them with having erected and continued a nuisance in and across a public street and highway in the town of Cynthiana, in the county of Harrison, etc. The nuisance complained of consists in the construction of the switch by the railroad company already described.
The case was tried by a jury, resulting in a verdict and judgment against the appellants for four hundred dollars. The court having refused them a new trial, the case is now here on appeal.
It appears from the evidence in the case that neither the town of Cynthiana nor the County Court of Harrison County had ever accepted the dedication made to the public by Wall by any entry of record, nor in any other manner whatever, unless the mere user by the public in crossing this thirty feet of ground in order to reach the depot will imply such acceptance. The deed from Wall establishes the dedication of the" ground for public use, and the only question to be considered is, can the commonwealth maintain an indictment against the railroad company for a nuisance in obstructing its way created by the grant from Wall in the absence of any other acceptance by the public than the mere user in crossing it? The right in Wall to make the dedication of the ground to be used as a street or highway is unquestioned, but such a dedication does not compel the town of Cynthiana to improve the *64 street or keep it in repair. If the act dedicating the land makes it a street or highway, then it is within the power of any person to compel a town or county to improve or keep in repair a highway, whether desired or not. There must be some acceptance of the dedication, by the town if a street, or by the county court if a public road, before an indictment can be maintained against those whose duty it is to keep the street or road in repair, or against one or more for a nuisance in obstructing the travel, etc. If the mere travel on or across a way is a sufficient acceptance by the public of the dedication made, then every passway used by the public would be converted into a highway, and the county or town authorities liable for failing to keep them in repair. A road or street dedicated to the public must be accepted by the county court or town, either upon their records or by the continued use and recognition of the ground as a highway for such a length of time as would imply an acceptance. The continued use of a road by the public for fifteen years or more, with the exercise of power on the part of the county court over it by appointing overseers, etc., would constitute it a highway; and where a dedication has been made of the ground by deed, as in this case, the marking out of the street by order of the town authorities, connected with its use by the public as a street, would be an acceptance of the grant. In the case of the state of Maine against Bradbury it i's said that a way by dedication of the owner of the land does not become a public highway without user for twenty years, or an acceptance on the part of the town. In the case of Curtis v. Hope (19 Conn.) it was held “that to create a highway by adoption the road must be accepted by the public.” In the case of Willoughby v. Jenks (20 Wendell), “that when a street is dedicated to the public it must be accepted or recognized by the local authorities as a public street.” In Oswego v. The Oswego Canal Co. (2 Selden, 257) it is said “that any one may lay *65 out a way or thoroughfare through his own land, and may dedicate it to the public use, but such dedication does not confer upon the town in which the land lies the duty of improving or keeping it in repair,” for the reason that there must not only be a dedication, but an acceptance also.
In the present case the ground, or the most of it, conveyed by Wall to the railroad company was left vacant and uninclosed from the year 1854 until the year 1868, and during this whole period the public used the ground of the company as much as they did the thirty feet of ground dedicated for the street. The entire open space was used by the public in their ingress and egress to and from the depot and cattle-pens of the company. The ground in controversy had never been even marked out or used as a street by the trustees of the town of Cynthiana, and no acceptance by them, either expressly or by implication, of the dedication. The fact of the town limits having been extended so as to embrace the ground where the switch was constructed is not an acceptance of the benefit of the grant from Wall; and if the acceptance had been shown, still, as there was no street marked out or used by the public on the ground designated, this indictment could not be sustained against the appellants for the obstruction complained of.
For the reasons indicated the judgment of the court below is reversed, and the cause remanded with directions to award to the appellants a new trial, and for further proceedings consistent herewith. *