## MOORE & MASON *v.* ISAAC SPARKS.

**Highway—Dedication—Acceptance by the Public.**

A dedication to the public of a highway is not complete until there is an acceptance by the public. A public highway may be established covering a strip of land tendered by the owner for a public passway, without a formal acceptance.

**Acceptance by the Public.**

After the continued and uninterrupted use of a passway by the public for a period of time, sufficient to perfect a title by prescription, coupled with the fact that the local public has at all times exercised the right to keep the passway in repair, an acceptance may be presumed.

### APPEAL FROM JESSAMINE CIRCUIT COURT.

March 31, 1875.

OPINION BY JODGE LINDSAY:

A dedication to the public does not become complete and perfect until there is an acceptance by the public. The appointment by the county court of overseers for an open passway, the exercise of control over such passway, or the direct regulation of it as a public road, in any way, will amount to an acceptance; and an indictment will not lie against an individual for obstructing a passway, until the public authorities assume the duty of keeping it in repair. *Gedge, et al., v. Commonwealth*, 9 Bush 61. But it does not follow that the public may not acquire title to a strip of land, tendered by the owner for a public passway, without a formal acceptance, and without assuming the absolute duty of keeping it in repair. The New England cases throw but little light upon this subject. The New England townships are generally liable to civil suits for damages arising from their failure to keep their public roads in repair; and this fact furnishes a satisfactory reason why private individuals shall not have the power, without their express consent, to impose upon them the duty of keeping in repair a new and undesirable highway. It seems to be the law

in England that the formal acceptance by the public authorities is not necessary, and that the general use by the public for a great length of time is equivalent to an acceptance. 30 Eng. L. & Eq. 207; 1 Man. & G. 392.

We see no good reason why, under our laws, after a continued and uninterrupted use by the public for a period of time, sufficient to perfect a title by prescription, coupled with the fact that the local public has at all times exercised the right to keep the passway in repair, an acceptance may not be presumed. We do not, however, regard it as indispensable to decide the question upon this appeal. According to appellee's testimony, the passway under consideration was a public one, or else the public used it under a license from the owners of the soil. The record does not show that appellee claimed openly, any interest in the strips of land, or exercised over it any act of ownership, different in character from that claimed and exercised by such other persons living in the neighborhood as found it convenient or necessary to use the passway.

We are unable to determine that the closing of the road deprives appellee of the exercise of any of his private and individual rights.

Petition *overruled.*

*J. B. Hunston, J. S. Bronaugh, for appellants.*
*B. T. Buckner, for appellee.*