## C. A. SKILES *v.* TRUSTEES OF RICHPOND.

**Dedication to Public Use.**
> It is necessary to a dedication to the use of the public that there should not only be a clear indication of an intention to invest the public with a right to use the property, but it must also appear that the dedication was accepted on the part of the public by some one authorized to act for it.

**Proof of Dedication.**
> Proof of dedication and acceptance may be by facts or circumstances sufficient to authorize an inference of the intention to give or to accept.

APPEAL FROM WARREN CIRCUIT COURT.

December 4, 1878.

OPINION BY JUDGE COFER:

It is necessary to a complete dedication to the use of the public that there should not only be a distinct and clear indication of an intention on the part of the proprietor to invest the public with a right to use the property, but it must likewise appear that the proffered dedication was accepted on the part of the public by some one authorized to act for it. *Gedge v. Commonwealth,* 9 Bush 61.

It is as necessary to a valid dedication that there should be two parties, one to make and another to receive, as that there should be two parties to a deed of conveyance.

It is not necessary that the intention of one to make or of the other to accept a dedication should be evidenced by writing. Either may be proved by facts or circumstances, which are sufficient to authorize an inference of the intention to give or to accept. What acts on

the part of a corporation will authorize the court to infer an acceptance must depend upon the peculiar facts of each case, and no general rule on the same subject can be safely promulgated.

No doubt Skiles is estopped, by conveyances made by him in which the property conveyed is described as lying in a designated street or alley, to dispute in a contest with his grantee that the street or alley called for exists. But no such estoppel exists in a contest between him and the public. His recitals do not bind the public to accept and keep in repair anything he may choose to call a street, and consequently the fact that he so called it does not estop him in a contest with the public to deny that it is a street. The plan not having been recorded or presented to the trustees and accepted by them as a plan of the proposed town, the only effect it can have, and the only effect the recitals in the deeds can have, in this case, is as evidence of a dedication, and as such they are not sufficient. The extent and character of the ground embraced by the plan when compared with the population forbid the conclusion that either Skiles or the trustees intended that the vast net work of streets and alleys embraced in the plan should become public highways to be opened and kept up by a town with a population of less than one hundred.

The more reasonable conclusion is that both parties expected that streets would open and be dedicated as the demands of population and business might require, and that they alike trusted to the developments of the future to shape their action on that subject.

Skiles' interest as proprietor of the lots might safely be relied on to provide streets as they should be needed. He has never recognized Reed street in any way except by allowing it to be laid down on the map; he has never sold a lot on it, except to Dr. Cartright, and in that instance refused to recognize it as a street.

The demands of population and business are not sufficient to require it to be opened, and in view of the circumstances of the case it would be unreasonable to conclude that there has been a dedication and acceptance of that supposed street. If that is a street and may be opened by the trustees, then all in the plan may also be opened, and to suppose that either party intended that this should or might be done at the pleasure of the trustees is to suppose that they acted without the motives which generally control the actions of men.

The spring or well referred to as in or near Reed street is not laid down on the map, and there is not the slightest evidence that it

was intended to be dedicated to the public except the fact (if it be a fact) that the spring is in the street, and that fact can add nothing toward proving either an intention to dedicate the street or an acceptance on the part of the town. But the preponderance of the evidence is that the spring is not in the street as laid down on the map, and consequently that if it were opened the inhabitants of the town would not thereby have access to the spring.

So far as Reed's property is concerned (and there seems to be no other not owned by Skiles that would be benefited by opening Reed street) it was purchased and improved long before the plan of the town was made, and without reference to it; and besides no wrong done to him as an individual can affect the decision of the case now before us.

Judgment *reversed* and cause remanded with directions to dismiss the petition.

*Wright & McElroy, for appellant. J. M. Taylor, for appellees.*