CASE 96—ACTION FOR AN INJUNCTION—OCT. 25.

# City of Owensboro v. Muster, &c.

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    AFFIRMED.

INJUNCTION—DEDICATION OF STREET—REFERENCE TO STREET IN DEED.

Held:   1. One can not be deprived of his property for public use against his consent without compensation, and a mere reference in a deed to a street for purposes of location and description is not alone sufficient to uphold a dedication by implication.

2. It is essential to the validity of a dedication that there should be an intention to dedicate on the part of the owner of the land, and this fact must be made to appear from the evidence.

GEORGE W. JOLLY, CITY ATTORNEY, FOR APPELLANT.

### CLASSIFICATION OF QUESTIONS.

1. Dedication.   A dedication is a devotion of ground or an easement over it for the benefit of the public.   Intent and owner-

ship are necessary. It may be made with or without a writing. It may be made verbally or by acts or even by nonaction. And if the ground is used by the public for a purpose consistent with the object for which it was dedicated, the rights of the public become absolutely vested, and the dedication is irrevocable. The length of time the ground is used by the public is immaterial, though if one permit his ground to be used as a public highway or street for a period corresponding with the statute of limitations, this is a complete bar. Acceptance by the local governmental corporation is not necessary as against the donor to complete a dedication; use of the ground by the public is sufficient.

2. Estoppel *in pais*. Where one has dedicated his ground to public use, either by some unequivocal act or conduct, or by standing by and permitting his ground to be used as a public street or highway for such a length of time as that the public would be inconvenienced or injured by a denial of the dedication, the donor will be held to be estopped from asserting any claim to the ground.

3. Estoppel. Where one conveys a lot and describes it as fronting on certain streets named, he is estopped to afterwards deny that the streets exist.

4. Right of action. While it is true that the owner of the lot may have such an interest in protecting ingress and egress to his own property as will enable him to sue out an injunction or take other proper proceedings, it is also further true that the right of maintaining all proper and necessary actions for the protection of the interests of the public and the public use are in the local governmental corporation. And, therefore, it is not only the right but the duty of the city to maintain all proper legal proceedings for the vindication and protection of the public use of the streets of the city.

5. A dedication is irrevocable. A dedication once made can not be revoked so long as the land is used by the public for the purpose for which it was dedicated. Rowan's Executors v. Portland, 8 B. Mon., 232; New Orleans v. United States, 10 Peters, 662; 9 Am. & Eng. Ency. Law (2d Ed.), 77.

A discussion of the law of acceptance has been deemed unnecessary in this case, first, because under the long user by the public the right of the public to the use has become a vested right; secondly, because it must be *conclusively implied*, by the city making repairs on the street over twenty years ago. This is proved by Pat Owen, and he is not contradicted. Am. & Eng. Ency. of Law (2d Ed.), vol. 9, p. 43, but, of course, authorities are unnecessary.

City of Owensboro v. Muster, &c.

## AUTHORITIES CITED.

White v. Cincinnati, 6 Peters, 431; Newport v. Taylor, 16 B. Mon., 806; Jarvis v. Dean, 3 Bing., 447; Angell & Durfee on Highways, secs. 135, 142; Dover v. Fox, 9 B. Mon., 201; Alves v. Henderson 16 B. Mon., 131; Washburn on Easements and Servitudes, p. 189; Regine v. Patrie, 30 Eng. L. & E., 207; Rugby v. Merriweather, 11 East, 376, note; Greenleaf on Evidence, sec. 662; 2 Dillon Mun. Corp., sec. 631; Morgan v. Railroad Co., 96 U. S., 716; Schneider v. Jacob, 86 Ky., 101; Jacob v. Woolfolk, 90 Ky., 429; Devlin on Deeds, sec. 1027; Parker v. Smith, 17 Mass., 413, 9 Am. Decs., 157; Elliott on Roads and Streets, secs. 442 and 664, and also secs. 112, 123, 133, 147, 153, 160, 162, 163; Rowan's Executor v. Portland, 8 Ben Mon., 232; New Orleans v. U. S., 10 Peters, 662; 9 Am. & Eng. Ency. Law (2d Ed.) 77, and page 43.

LITTLE & LITTLE, ATTORNEYS FOR APPELLEE.

The following points are relied on to sustain the judgment of the lower court:

1. That appellee never intended to dedicate his ground in the street.

2. That after the facts had transpired on which the city relies to show dedication, the city recognized the title of other citizens to the street, whose title was certainly no better than appellee's.

3. Not only did the city admit, by purchasing from others, that it did not own the street, but it proposed to buy the ground of appellee, which it now claims it then owned.

4. The city never undertook to prosecute appellee during all the years he had the street obstructed by fences, until he refused the offer made to him to sell it to the city.

5. As to the effect of the recital in the deed by appellee to Winter we refer to the construction given thereto by the learned circuit judge, which is made part of the record.

6. There must be both a dedication of a street by the owner and an acceptance by the city. Here there was neither.

7. While no particular form is necessary to constitute a dedication of land for a public highway, there must be a clear intent to dedicate and an act of acceptance on the part of the public. State v. Trask, 27 A. D., 556; Am. & Eng. Ency. Law (2d Ed.), 467.

8. Long continued usage is evidence of acceptance, but it is evidence merely. 27 A. D., 556. The circumstances of the usage must be considered and more especially whether intention of the owner to dedicate to a general public use, is found.

City of Owensboro v. Muster, &c.

9. "The proof must be clear, either of an intention to dedicate or of such acts or declarations as should equitably estop the owner from denying such intention."

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

The appellee instituted this suit in the Daviess circuit court to enjoin appellant, city of Owensboro, from prosecuting him in the city court, for an alleged obstruction of Elm street, in that city.   He alleges that in the year 1870 he purchased from one Hoover a lot of ground beginning at the northeast corner of Poplar and Harriet streets, and running eastward with Harriet street to the west line of the school house lot, and thence northward with the line of the school house lot 95 feet, and thence westward parallel with Harriet street to a point in the east line of Poplar, and thence with Poplar to the beginning; that the city is asserting the right to extend Elm street across the end of his lot next to the school house lot, and had instituted a prosecution against him in the city court, for obstructing Elm street, because he has refused to surrender this portion of his lot to the city to be used by it as a street.

The city answered that, at the time appellee bought the lot of ground described in his petition, the part of it, next to the school house lot, had been used by the public for more than fifteen years, as one of the public streets of the town; and that in recognition of this fact, appellee had conveyed by general warranty deed, to one Winter, a part of the lot; and had described it as "a certain lot or parcel of ground lying and situated on the corner of Seventh and Elm streets, and running with Seventh street 117 feet, thence north 47 feet, thence east 117 feet to the west margin of Elm street, thence south with Elm street, 47 feet to the beginning;" and that he had fenced off, between the

lot sold to Winter and the school house lot, a strip of land 55 feet wide which was a prolongation of Elm street; and that by reason of these acts he was estopped from asserting claim thereto.

The evidence in the case is quite conflicting. Appellant admits that shortly after he purchased the lot, he built a fence about 55 feet from the line of the school house lot, thinking that the city would ultimately want to purchase the ground for street purposes, but he claims that to preserve his ownership he maintained a temporary fence across the ends of the strip between his property and the school house lot; that sometimes persons would tear down a panel or two, but that he always replaced it; and that when he executed the deed to Winter, calling for Elm street, he anticipated that the city would finally purchase the land and open the street, but that he never intended to part with his title without compensation. Whilst Mr. Winter testifies that at the time he purchased the lot from appellee, the public travelled over and used the ground in dispute, and that they did so for several years, but that appellee finally fenced it up.

There is little or no evidence to show an acceptance of the alleged dedication by the city, or that it ever exercised authority over the land; and it is admitted that about the year 1892, the city offered to pave the street upon the condition that appellee would abandon his claim thereto. There is no claim that appellee expressly dedicated the land in dispute, but that the dedication arises by implication from the deed and other acts of appellee.

One can not be deprived of his property for public use, against his consent, without compensation and a mere reference in a deed to a street for purposes of location and

description is not alone sufficient to uphold a dedication by implication.

It is essential to the validity of a dedication of this character that there should be an intention to dedicate on the part of the owner of the land. Dedication is therefore a conclusion to be determined from all the facts and circumstances in the case, and we are of the opinion that the purpose to dedicate the strip of ground in question, has not been clearly established by the testimony in this case.

The question of Winter's right to use the land back of his lot as a street is not involved in this proceeding and it is not necessary for us to determine what his rights would be in reference thereto. Judgment affirmed.