## Burnett et al. v. Henderson.

(Decided April 21, 1931.)

GUS B. BRUNER and E. H. JOHNSON for appellants.

GEORGE R. POPE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Several years ago T. G. Harris and H. L. Harris owned about an acre of land adjoining what is known as the Metcalf addition to the town of Harlan. The land lies between the Louisville & Nashville Railroad right of way and Cumberland river, and abuts on Metcalf street. The owners subdivided the land into lots, and laid out a 12-foot street or alley between the lots abutting on the railroad right of way and those abutting on the river. On October 25, 1923, the owners sold a lot to Ludda Smith, who has since intermarried with William Burnett. Thereupon the grantors and the grantee, Ludda Smith, fenced the property and left the 12-foot street in front of Ludda Smith's property and between the river lots and the right of way lots. On November 19, 1923, and after the street had been laid out, the Harrises sold W. P. Henderson a lot abutting on the 12-foot street. Henderson and Ludda Smith then built houses on their lots facing the 12-foot street. Later the Harrises sold the remainder of the lots on both sides of the 12-foot street to various parties, and left the 12-foot street open to all of their grantees. Several of these conveyances mentioned the 12-foot street in the description of the lots sold. About seven years later Mrs. Burnett and her hus-

band, conceiving that their deed covered the 12-foot street, fenced up the street. Thereupon Henderson brought this suit to enjoin the obstruction. On final hearing he was granted the relief prayed, and the Burnetts appeal.

The ground on which the Burnetts claim title to the street is that the first call of their deed is "beginning at a stone at the intersection of Metcalf street and River Avenue," and that proceeding from that point the description covers the alley. There is a stone near the intersection of Metcalf street and River avenue, but it is 10 or 12 feet from the true intersection. Hence to begin at that point would not ony be a departure from the true intersection, but would deprive the Burnetts of a strip some 10 or 12 feet wide on the river side of their lot. Not only so, but the evidence as to when, how, and under what circumstances the stone was placed at that point is very unsatisfactory, and it is clear from the location of the lot and the evidence as a whole that the stone in question is not the stone referred to in the deed. But even if it be conceded that the stone in question is the stone referred to in the deed, it by no means follows that the Burnetts have the right to close the street. It is clear from the evidence that the subdivision was laid off so as to provide for the street in question, that lots were sold calling for the street, and that the street was thereby dedicated to the use of the abutting lot owners and the public. Not only so but before the sale to Henderson and others Mrs. Burnett and her grantors fenced the property so as to leave the street open. Whatever her rights were at the time of the conveyance, she gave effect to the dedication, made by her grantors, and, though she might have withdrawn this dedication before it was carried into effect by the sale to others of lots abutting the street so laid off, she could not do so after the abutting lot owners had made their purchases on the faith of such dedication. Of course, there is no merit in the contention that the dedication was not effective on the ground that it had not been accepted by the town of Harlan. Acceptance is material when it is sought to hold the town liable for its failure to keep a street in reasonable repair, or in case of an indictment for a nuisance in obstructing travel, but this is not that kind of a case. Gedge v. Commonwealth, 9 Bush, 61; City of Harlan v. Parsons, 202 Ky. 358, 259 S. W. 717. The rule applicable here is, that where an

owner lays out his land into building lots, streets, and alleys, and exhibits a map thereof, and sells lots as bounded by such streets or alleys, there is an immediate dedication of such streets or alleys to the use of the purchasers and the public, though the streets and alleys are not actually open, and though there has been no acceptance by the municipality. Newport Pressed Brick & Stone Co. v. Plummer, 149 Ky. 534, 149 S. W. 905.

Judgment affirmed.