## Mack et al. v. Leavell.

(Decided March 25, 1932.)

JOHN S. DEERING for appellants.

ROBERT L. BRONAUGH for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

In the year 1875 there was established, by an order of the Jessamine county court, a county road which ran from the Lexington and Danville pike to the Kentucky river, 30 feet wide. Nathan Mack and Isaac Shearer, who owned the land bordering on this road, brought this action against William J. Leavell on January 11, 1930, charging that Leavell had, without right, placed gates across the road thereby obstructing it, and had built upon the right of way certain buildings. They prayed that the defendant be required to remove all the obstructions from the road and be enjoined from obstructing it in any way. The defendant filed an answer denying that he had done the things charged in the petition without right. The court sustained the demurrer to the answer. On April 21, 1930, Leavell and the county road engineer entered into an agreement in writing which was entered as an agreed order of the county court, and approved by the county judge, which recited that the road as then located was on the location on which it was actually opened and where it had always existed, through Leavell's land, and it was ordered that the road be changed and established on this location and not as originally surveyed. On October 13, 1930, an order was entered in the Jessamine county court by which it was adjudged that the road be permitted to remain along the line it was originally surveyed from the point where it enters the land of William J. Leavell to the point where it reaches the land of Isaac Shearer on the top of the cliff of the Kentucky river, and from that point on, and certain changes were made in other parts of the road to locate it as had been used for a number of years. It was

further adjudged that Leavell be permitted to erect and maintain gates upon the road, as he then had them. The above order was made upon an application to discontinue a portion of the road, and recites that the report of the county engineer and the appraisers, theretofore filed, is approved. By an amended answer Leavell pleaded the above order of the county court in defense of the action. The plaintiffs demurred to the amended answer; the court overruled the demurrer. By reply the plaintiffs pleaded that the above order was void on these grounds:

"First—That these plaintiffs were not properly notified of said action as is required by section 4301 et seq. of Kentucky Statutes in such cases made and provided. That the notices were not properly posted, no summons was issued by the clerk of the Jessamine county court, no day was appointed for hearing the parties interested. That this matter was at the time pending in this court."

The defendant demurred to the reply; his demurrer was overruled, and no rejoinder was filed. Proof was taken, and on final hearing the circuit court dismissed the plaintiffs' petition. They appeal.

The proof shows that, although the road was established 30 feet wide, there was not much travel on it for many years. Many years ago there was a shallow place on the Kentucky River, known as the Cleveland ford, where persons could cross at an ordinary stage of the water. The road in question ran from the pike to the ford, but later the Kentucky River was damned and this threw the water of the river over the ford to such an extent that it was no longer used, and the road from the top of the bank down to the river was not used in any way. The road was used by Shearer and Mack to get out from their homes to the pike; it was also used by some other parties. But it was in fact maintained only about 15 feet wide, and from time to time gates were built across the road by Leavell or those he claimed under. Leavell built his garage within the 30-foot survey of the old road. He built his barn with 8 or 9 feet of it on this survey. He filled up a sink hole, not far from the road, which caused a pond to accumulate, which backed up over the road. Things had gone on in this way for some years before this suit was brought, and,

after the suit was brought, the proceedings in the county, above set out, were taken. Section 2547, Kentucky Statutes provides:

"Limitation shall not begin to run in favor of any person in the possession of any public road, or of any part thereof, until written notice shall be given to the county court of the county in which the road is situated, that such possession is adverse to the right of the public to the use of such road."

This section was not complied with, and no right to obstruct the road had been acquired by limitation, although the gates and other obstructions had long been maintained.

Although this suit was filed before the proceeding in the county court was instituted, the county court alone had jurisdiction to change the road or to permit gates to be erected across it, and the bringing of this suit in no manner affected the jurisdiction of the county court to make such an order; for the circuit court had no jurisdiction to so adjudge. The order of the county court was only effective from the time it was made. It had no effect upon any rights acquired theretofore. But, if valid, it was effective from the time it was made and might properly be pleaded in defense of this action; for from the time the order was entered, the defendant had the right to maintain the gates as adjudged, and the circuit court should not, in this action, adjudge otherwise. But the plaintiffs, if they originally had a right of action, were at least entitled to their cost in this action up to the time the judgment of the county court was rendered. They did not allege that they had suffered damages or pray a recovery therefor.

This brings us to the question, Was the order of the county court valid? It is not alleged in the pleading, and does not appear in the record anywhere, that the plaintiffs were before the court in any way in the case in the county court. No facts showing that the court had jurisdiction to make any order affecting their rights appear in the record. Section 122 of the Civil Code of Practice provides:

"In pleading a judgment or determination of a court or officer, it is not necessary to state the facts conferring jurisdiction; but it shall be sufficient to

state that the judgment or determination was duly given or made."

It is not alleged in the amended answer that the judgment of the county court was duly given, and, the facts conferring jurisdiction on the county court not being alleged, the demurrer to the amended answer should have been sustained.

The allegations of the reply are equally defective. The allegation that plaintiffs were not properly notified, as required by section 4301, Kentucky Statutes, or that the notices were not properly posted, was a mere conclusion of law. The facts should be stated, not the pleader's conclusions from them. Though no summons was issued, the plaintiffs may have appeared or been parties to the case. It is not alleged that they were not parties to the proceedings and did not appear therein.

By section 4301 the county court may alter or change a county road upon the petition of any person interested. But process must be issued by the clerk for all interested parties, and a day must be appointed for hearing them. By section 4319, Ky. Stats., the county court may, upon petition, permit gates to be erected across any county roads, but the petition for that purpose must be first advertised according to the provisions of section 4304, and notices must be posted as provided in the statute. The only part of the county court record, in the record before us, is the judgment of the county court. If, on the return of the case, the defendant amends his amended answer and pleads that this judgment was duly rendered, the plaintiff by his reply should set out the facts as to what was done or not done, if he desires to attack the validity of that judgment. Creekmore v. Central, Etc., Co., 157 Ky. 336, 163 S. W. 194.

Judgment reversed, and cause remanded for further proceedings consistent herewith.