## Foulk v. City of Louisville.

(Decided June 25, 1937.)

(As Extended on Denial of Rehearing Dec. 14, 1937.)

W. J. GOODWIN and SAM ELLIOTT for appellant.
GAVIN H. COCHRAN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Martha J. Foulk sued the City of Louisville to recover damages to her property, caused by the improvement of an alley adjoining her premises. At the conclusion of her evidence, the court directed a verdict in favor of the city. She appeals.

The peremptory was given on the ground that the alley was a public one, and the city was not liable for consequential damages resulting to the property from the establishment of the original grade, as held in City of Owensboro v. Hope, 128 Ky. 524, 108 S. W. 873, 33 Ky. Law Rep. 375, 15 L. R. A. (N. S.) 996, and several subsequent cases.

There was evidence that the property was injured by the improvement, and the only question we need consider is, whether the alley was a public alley or a private alley. The evidence discloses the following situation: Garland avenue, a public street of Louisville, runs east and west, and is intersected by 32d street. The next street east of 32d street is Hazel street. Between Hazel street and 32d street there is an alley which runs into the north side of Garland avenue, but does not cross it. Appellant's property fronts on the north side of Garland avenue and the western line of the property forms the eastern boundary of the alley. The alley runs due north from Garland avenue to the rear of appellant's lot. There it makes a right angle turn and runs east for the width of two lots. The alley then makes another right angle turn and runs due north for several hundred feet towards Broadway. On the south

side of Broadway between Hazel street and 32d street is located the Holy Cross Church and school. There is another alley running along the south property line of the church and school. This alley and the alley in question intersect and form a T at the south edge of the Holy Cross Church property. A little to the south there is a second alley running east and west from the alley in question. The property now owned by appellant was conveyed by deed from the owner dated March 12, 1909, and recorded in Deed Book 694, page 444, in the office of the clerk of the Jefferson county court. In this deed the property was described as extending "to a private alley fifteen feet wide," together with the right in the second parties to use in common with the owners of the other property abutting thereon the said private alley, which is described as follows:

> "In the succeeding deeds, including the one to appellant's husband, and the deed from him to appellant, the property was described as extending to an alley described in the deed recorded in Deed Book 694, page 444."

On August 4, 1930, appellant and her husband conveyed 37 feet off the front end of her property to the City of Louisville. In this deed the property was described as "beginning at the intersection of the north line of Garland avenue as it now exists with the east line of the first fifteen-foot alley east of 32d street," etc. Up to within six or seven years before this suit was brought, the alley was impassable, and was not in general use. After that time it was used by the owners of property abutting on the alley, by delivery trucks, coal trucks, and other conveyances belonging to parties having business with abutting owners, by children going to and from the Holy Cross school, by rag pickers and people of that character, and by the contractor who constructed Hazel street.

It is conceded that the alley did not become a public way by grant, condemnation, or prescription, but insisted that the facts were sufficient to make out a case of dedication. In support of this position, the following facts are stressed: The deed which appellant made to the city did not refer to the alley as a private alley, but as "the first fifteen-foot alley east of 32d street," and appellant stood by and without complaint suffered and permitted the city at heavy expense to grade and pave

the alley. In this connection attention is called to the rule announced in Dulaney v. Figg, 123 Ky. 291, 94 S. W. 658, 29 Ky. Law Rep. 678, to the effect that no specific length of time is necessary to constitute a valid dedication, but that all that is required is the assent of the owner of the soil to the public use, and the actual enjoyment by the public of the use for such a length of time that the public accommodation and private rights will be materially affected by a denial or interruption of the enjoyment. This is not a case where the owner subdivided his property into lots and streets and sold lots abutting on certain streets. Nor is it a case where the owner constructed a way through his land with the intention or expectation that it would be used by the public generally. On the contrary, the alley was originally laid out and intended as a private alley. In the very nature of things, an alley differs from an ordinary way intended for public use. Its purpose is to enable the abutting property owners and those having business with them to enter the premises from the rear, and to that end it must be kept open. In view of the fact that this character of use is solely for the accommodation of the abutting landowners for whose benefit the alley was laid out, it may be doubted if such use is in any sense a public use. Not only so, but when the appropriation is for the use of particular persons only, and made under circumstances which exclude the presumption that it was intended to be for the public use, it will not amount to a dedication, but the use will be presumed to have been in accordance with the intention of the owner. Hall v. McLeod, 2 Metc. 98, 74 Am. Dec. 400. It remains to determine whether appellant did anything evidencing an intent to change the character of the alley. As before stated, one of the circumstances relied on to show a dedication is the fact that in the deed from appellant to the city the alley was referred to as "the first fifteen foot alley east of 32nd Street." We fail to see wherein the language of the deed amounted either to an actual or an implied dedication of the alley to the public use. It merely referred to the alley as an alley. It did not change its character in any way, or indicate expressly, or by plain implication a purpose to create a right in the public to use the alley adversely and as a matter of right. In short, there was nothing in the deed likely to induce the belief that the alley was a public one. On the contrary, one reading the deed would naturally look

elsewhere to see what kind of an alley it was, and when this was done the only information obtainable was that the alley was originally designed and laid out for the use and convenience of the property owners and persons having business with them, and not for the use and convenience of the public in general. Nor do we think the case was at all strengthened by the fact that appellant suffered the improvement to be made without complaint. Ordinarily a city cannot do something that it has no right to do, and then justify on the ground that no complaint was made. Appellant did nothing calculated to mislead the city to its prejudice. On the contrary, the city undertook the improvement with actual or constructive knowledge that the alley was a private alley. In doing this it acted at its peril, and the defense of estoppel is not available. The case of Caperton v. Humpick, 95 Ky. 105, 23 S. W. 875, 15 Ky. Law Rep. 430, does not compel a different conclusion. That is an extreme case. Though it was agreed in the deeds of partition between the owners that the calls and descriptions of the streets and alleys theretofore opened and established should not be construed between the parties of the one part and the city or the public of the other part as a dedication of such streets and alleys, the improvement of Breckinridge street for which payment was sought was made more than 20 years after the execution of the deeds of partition. In the meantime the city had extended to and even beyond the original tract. Each of the partitioners had sold and transferred title and possession of many lots within the boundary thereof. Cisterns and wells had been made at the expense of the city in streets even farther out than where the improvement in question was made. A bridge over South Beargrass, where Breckinridge street crosses it, had been erected at a cost of $40,000 to the city, whereby a convenient outlet from lots not before existing was afforded, the benefit of which had been enjoyed by appellants for several years. Thus the situation was one where, notwithstanding the provisions of the deed, Breckinridge street was used as a street for a period of twenty years, and appellants stood by and saw the bridge erected at a cost of $40,000; and the court held that the facts and circumstances were such as to imply a dedication of Breckinridge street between Underhill and Vine streets, and to impose upon appellant the duty of paying for the improvement. The difference between the two cases is apparent.

It follows that the trial court should have held that the alley was a private alley, and there being evidence that appellant's property was injured by the improvement, the case should have gone to the jury on the question of damages and no other.

Judgment reversed and cause remanded for a new trial in conformity with this opinion.