## Morrow v. Richardson et al.

May 5, 1939.

W. N. FLIPPIN and M. L. JARVIS for appellant.

KENNEDY & KENNEDY and R. C. TARTER for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER— Affirming.

R. G. Richardson and his sister, Mrs. Dexheimer, brought this suit in equity in the Pulaski Circuit Court to enjoin Miss Jennie Rachel Morrow from building a fence across Short Street in the City of Somerset. The petition as supplemented by several amendments alleges a fence constructed by Miss Morrow obstructed Short Street and was a public nuisance which did the plaintiffs special damages by interfering with the ingress and egress to and from their property which abutted on Short Street. Miss Morrow denied that the place at which her fence was constructed was a public street and

she alleged it was private property which she had purchased at a decretal sale and that she had the right to fence it; that if it were a public street, then she denies plaintiffs owned any property abutting thereon, or that plaintiffs suffered any damages different from the general public, therefore, plaintiffs could not maintain this suit. Upon final submission of the case, the chancellor granted the plaintiffs a permanent injunction forbidding Miss Morrow from building or maintaining a fence across Short Street, and from that judgment Miss Morrow prosecutes this appeal.

The facts out of which this litigation arose are as follows: John C. Ogden, in 1905, subdivided a tract of land he owned in the City of Somerset and filed in the office of the Clerk of the Pulaski County Court a plat showing this subdivision. This plat showed two streets running north and south and intersecting West Columbia Street, which was then an established street of Somerset. The westerly of these two new streets had no designated name on the subdivision plat but has later been named Indiana Street, while the street just east of it on the plat was designated as Ohio Street. Ogden's subdivision plat shows a third street, 50 feet in width, running east and west which is designated thereon as Short Street, which begins at Indiana Street and runs easterly and extends across Ohio Street, and continues from Ohio Street 145 feet to Richardson's property line. At the time Ogden made his subdivision there was a fence running north and south separating the Ogden property from the Richardson property, the latter at that time being farm land. Short Street stopped at this fence and has never been improved from Ohio Street to the fence.

In October 1937, plaintiffs, Dr. Richardson and his sister, Mrs. Dexheimer, subdivided their farm land into city lots and recorded a plat thereof in the office of the Clerk of the Pulaski County Court. Their plat shows a street called Richardson Drive running from West Columbia Street, north and south; also, it shows West Oak Street, 40 feet wide, connects with Short Street at the place where the fence was built. When West Oak Street intersects with Richardson Drive there is an off-set to the north of 50 feet, after which West Oak Street continues at a width of only 38 feet for a distance of 131 feet, where it becomes reduced to a width of 26 feet and continues easterly until it intersects North Vine Street.

Highway 80, one of the main thoroughfares in Pulaski County, traverses Ohio Street and some years ago Ohio Street was paved and sidewalks were laid on each side of it. The Phelps Construction Company laid these sidewalks and to collect for them instituted suit in 1930 in the Pulaski Circuit Court against J. C. Ogden, Oscar Catron, Laura Scott and the City of Somerset. This suit remained on the docket an unusual length of time and judgment was not rendered until the 1937 September term wherein it was adjudged:

"The City of Somerset has made certain improvements along the street in question and abutting the property of Oscar Catron and Laura Scott, defendant, and that the city has accepted said street. (The street is nowhere named in the judgment.) It is therefore ordered that the Phelps Construction Company recover of the City of Somerset the amount of estimate No. 16, in the sum of $42.11 with 6% interest thereon from Sept. 1, 1930, until paid and their cost therein expended. It is further adjudged no improvement having been made on the street abutting the property of J. C. Godby and A. J. Christopher, which belongs to the defendant, J. C. Ogden (this is Short Street at the point in controversy), and that the Phelps Construction Company recover $42.11 with 6% interest from Sept. 1, 1930, in payment of estimate No. 4, and to secure the said debt the plaintiffs have a lien on the following described property of J. C. Ogden."

Then follows a description of Short Street from Ohio Street to the Richardson line, and the judgment proceeds in due form to order the property sold.

Dr. Richardson had opened his subdivision in 1937 and was greatly interested in keeping West Oak, or Short, Street open. And the Mayor of Somerset, so Dr. Richardson testified, promised him a month before the property was to be sold to satisfy the judgment of the Phelps Construction Company, that the City would pay off this judgment and this property would not be sold. Hon. Ben D. Smith was the attorney representing the Phelps Construction Company in that litigation, and on the morning of March 21, 1938, before the decretal sale was to be held at 1:30 o'clock the afternoon of that day, his client was paid by the City of Somerset the full amount of its debt, interest and cost, and Mr.

Smith entered the following satisfaction on the margin of the order book where the judgment was recorded:

"The debt, interest and cost in Phelps Construction Co. v. J. C. Ogden, etc., having been paid in full by the City of Somerset, in the sum of $169.60, this judgment is marked satisfied and any and all further proceedings under this judgment is hereby called off March 21, 1938, at 11:30 A. M.

"Phelps Construction Co.,
"By J. H. Gibson.
"Ben V. Smith & Son,
"Atty. for Plaintiff,
"By Ben D. Smith."

In writing, Mr. Smith informed Charles R. Beaty, Master Commissioner of the Pulaski Circuit Court, that the judgment had been satisfied and not to make the sale. Hon. W. B. Morrow knew that the judgment had been satisfied and knew Mr. Smith had directed the master commissioner not to proceed with the sale, but Mr. Morrow says he, as attorney for Ogden, wanted the sale to proceed and gave as his reason; "because the excess purchase money would go to my client, and as the City had paid the debt they would be subrogated to the rights of the Phelps Construction Company and would sell the property again." Mr. Morrow, therefore, directed the master commissioner to proceed with the sale regardless of the wishes of Mr. Smith, the attorney for Phelps Construction Co., the judgment creditor. Miss Morrow, daughter of W. B. Morrow, attended the sale and heard the master commissioner read a letter from Mr. Smith directing him not to make the sale, after which the master commissioner announced Mr. W. B. Morrow had directed him to sell. He then sold the property and Miss Morrow became the purchaser for $255. From the record before us, it appears exceptions have been filed to the report of the sale and these exceptions have never been passed upon by the court, hence the sale to Miss Morrow has never been confirmed.

After Miss Morrow bid in this property (which is in reality Short Street from Ohio Street to the Richardson line), she had a fence constructed between it and the Richardson land where the old fence had formerly been. Therefore, her fence obstructed Short Street where it ran into West Oak Street as opened by Dr.

Richardson in his subdivision. Dr. Richardson, so Mr. Morrow testified, had the fence removed. It was rebuilt by Miss Morrow, and Dr. Richardson and his sister, Mrs. Dexheimer, instituted this suit against Miss Morrow and she was permanently enjoined from obstructing this street.

There are three questions presented for our decision on this appeal. 1. Was there a dedication of Short Street to the City of Somerset, or did this land so designated as Short Street on the plat remain the private property of John C. Ogden? 2. Did the Richardson property abut on Short Street, thus giving appellees the right to maintain this suit? 3. Can a judicial sale be had to foreclose a lien on real estate after the debt of the judgment creditor has been paid and after the judgment has been marked satisfied of record and the master commissioner informed thereof?

John C. Ogden laid out his subdivision in 1905 and recorded a plat thereof in the office of the Clerk of the Pulaski County Court showing the land was divided into building lots and streets. Ogden sold the lots in his subdivision bounded by these streets shown on his recorded plat. This amounted to an immediate dedication of such streets to the use of the purchasers of the lots and of the public, although the streets were not actually opened and there had been no acceptance by the city. Acceptance is material where it is sought to hold the city liable for failure to maintain the streets in reasonable repair, but this is not that kind of case. Burnett v. Henderson, 238 Ky. 431, 38 S. W. (2d) 262. We are of the opinion that Short Street is a public street and was such at the time and place Miss Morrow constructed her fence.

In her brief Miss Morrow admits the petition as amended pleads appellees are owners of property abutting on the street obstructed but she contends their proof does not substantiate this allegation. The testimony of Dr. Richardson is clear and uncontradicted that he and his sister own one lot south of West Oak Street as extended, and this lot abuts 5 feet on Short Street where the fence of Miss Morrow obstructed the street. The record shows Short Street, which was fenced, was 50 feet wide, while West Oak Street connecting with it from Richardson Drive is but 40 feet wide, hence, appellees' property abuts the fenced street 5 feet south of West Oak Street and 5 feet north of

238

West Oak Street. Appellees sold the lot north of West Oak Street, but still own the lot south of West Oak Street and it is this lot which Dr. Richardson testified abuts 5 feet on the street obstructed by the fence. This fact sustains appellees' allegation that this fence prevents ingress to and egress from their property. The fact that the right of ingress to and of egress from this Richardson lot abutting on Short was interfered with by Miss Morrow's fence inflicted a special damage upon the appellees which was not suffered by the general public. By closing Short Street with this fence, the appellees, who owned this lot abutting thereon, would be compelled to take a circuitous route to reach Highway 80, one of the main thoroughfares in Pulaski county, rather than by reaching it by traveling 145 feet on Short Street. This fence was a public nuisance which did a special damage, giving to the appellees the right to maintain this suit. Alsip v. Hodge, 214 Ky. 438, 283 S. W. 392; Davis v. City of Paducah, 213 Ky. 407, 281 S. W. 158; Husband v. Cotton, 171 Ky. 177, 188 S. W. 380, L. R. A. 1917A, 1150; York v. C. & O. Ry. Co., 240 Ky. 114, 41 S. W. (2d) 668; Cranley v. Boyd County et al., 266 Ky. 569, 99 S. W. (2d) 737.

At the time the master commissioner sold this property the judgment had been paid in full as is shown by the satisfaction on the margin of the order book wherein the judgment is recorded, which satisfaction has been quoted earlier in this opinion. When the judgment was paid and thus marked satisfied, it was extinguished, and any sale under, or by virtue thereof, was a nullity.

Perceiving no error in the judgment of the chancellor, the same is affirmed.