Mildred COHEN, Appellant,

v.

BOARD OF TRUSTEES OF IMMANUEL BAPTIST CHURCH, Inc., Appellee.

Court of Appeals of Kentucky.

March 4, 1955.

James Park, William B. Martin and Yancey, Martin & Ockerman, Lexington, for appellant.

Grover C. Thompson, Lexington, for appellee.

MOREMEN, Justice.

The appellant, Mildred Cohen, owns property in Ransom Subdivision of Lexington which fronts on Ransom Avenue and abuts a portion of an alley. She sought by a declaratory judgment action against appellee, Board of Trustees of Immanuel Baptist Church, Inc., to have this alley declared to be private in nature and therefore not subject to use by property owners outside the subdivision. The case was referred to the master commissioner who concluded that the passway was private in nature but, upon exception to his report, the circuit court entered judgment declaring the alley to have been dedicated to public use; hence this appeal.

On May 18, 1889, Marie Ransom, who owned a large body of land in Lexington, subdivided it into streets and thoroughfares and caused a plat of it to be recorded in the office of the clerk of the county court. The alley with which we are concerned lies wholly within the subdivision, as depicted on the plat, and begins on the east side of Ransom Avenue (a through street) and extends in an easterly direction abutting appellee's lot for 222 feet. It then turns in a northerly direction for a distance of five lots, or a total distance of 263 feet where it turns westerly and runs to Ransom Avenue, a distance of about 159 feet. The distance between the point of beginning of the alley and its outlet is also 263 feet. The alley therefore is approximately U-shaped (it is biangular) and surrounds five lots which lie in the subdivision. The appellee's property which fronts on Woodland Avenue (which avenue parallels Ransom Avenue) lies beyond the limits of Ransom Subdivision and abuts the first segment of the alley above described. This segment, if it were extended, would run into the property of appellee. On this portion of appellee's property a parking lot was constructed to be used in connection with the church which anticipates that it may use this alley as means of ingress and egress to and from the lot. The appellee contends, and the trial court agreed, that the recordation of the plat constitutes an irrevocable dedication of the passway for public use.

We have held that the intention of the dedicator is the controlling factor in determining whether an alley has been dedicated to public or private use. Johnson v. Cooper, 294 Ky. 295, 170 S.W.2d 913, and cases therein assembled. We have also held that such cases must be decided on their peculiar facts and circumstances. Terrell v. Hart, 90 S.W. 953, 28 Ky.Law Rep. 901. We suggested in Foulk v. City of Louisville, 270 Ky. 828, 110 S.W.2d 665, that the actual use of property by interested parties, after the alleged dedication, may be taken into consideration in deciding whether there was a dedication to public use or whether there was merely a retention of privilege for private use for those affected. However, it is true, as appellee asserts, that it is the general rule that the recordation of a plat and the subsequent sale of lots therefrom is presumptive evidence of a dedication of the streets laid out thereon to public use. W. T. Congleton & Co. v. Roberts, 221 Ky. 712, 299 S.W. 579. Insofar as alleys are concerned, careful scrutiny is required because of the likelihood of the alley being private in nature. 16 Am.Jur., page 366.

When we return to the facts in this case, we find that this short alley surrounds only a few of the lots within the subdivision, does not connect thoroughfares, starts from Ransom Avenue and returns to it very near the point of beginning, and has never been used, except on rare occasions when permission was given, to serve the particular land upon which the church parking lot has been constructed. That portion of the alley, as shown on the plat, which lies along the rear of the lots surrounded by its course, has long since been closed by the owners of those lots and they have treated the land as part of their respective lots.

The record also discloses that the first segment of the alley (the one involved here) has not been used with any consistency by persons other than the owners of lots abutting the alley within the subdivision. Though this is not controlling and is of the character of proof introduced in support of a claim for a prescriptive right in property, it serves here to substantiate appellant's contention that the alley was intended to be used only for the benefit of the owners whose lots in the Ransom Subdivision abutted the alley indicated on the plat.

From the circumstances presented, we believe the alley in question was not intended to be dedicated to the public and, since intention controls, we have concluded that the alley should have been declared to be private in nature.

Appellee further contends that appellant is estopped to question appellee's right to use the alley because she stood by and permitted appellant to expend money in the construction of a parking lot on its property. Appellant had no right to prevent appellee from improving its property, particularly in view of the fact that the church had a traffic outlet on High Street and it appears that one might have been easily constructed on its own property to Woodland Avenue in addition to the means of exit claimed in this case. We find no condition of facts which required appellant to take affirmative action to stop construction nor do we recognize any act which might have misled the church to its prejudice.

Since the institution of this suit, the appellee has purchased lots within the subdivision which lie between the alley and High Street and for that reason claims that the question presented here as to the character of the use of the alley is now moot. Appellant admits the right of appellee to use the alley to serve those lots recently purchased by it within the subdivision but the original and prime question as to whether the alley is private or public has been throughout this case subject to dispute.

Finally, appellee has made a, motion to dismiss the appeal on the ground that notice of it was not filed within thirty days from entry of the judgment. Judgment was entered on November 2, 1953, and on November 6 appellant filed a motion in which she moved to set aside the judgment handed down because of various alleged errors committed by the court. This motion, which was in the nature of a motion and grounds for new trial, was overruled on February 24, 1954. On March 4, 1954, notice of appeal was filed in the circuit court. Appellant contends that this motion did not suspend the running of time in which an appeal could be taken.

CR 73.02 reads in part as follows:

"* * * The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this Rule commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50.02; or granting or denying a motion under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59."

CR 59.07 reads as follows:

"On motion for a new trial in an action tried without a jury, the court may grant a new trial or it may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and enter a new judgment."

We think that appellant's motion under CR 59.07 tolled the running of the time limit set out under CR 73.02 and, therefore, the notice of appeal was in time.

Judgment reversed for proceedings consistent with this opinion.