**Martha SALYERS, Appellant,**

v.

**Marshall TACKETT et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 12, 1958.

Rehearing Denied May 1, 1959.

Charles C. Adams, Somerset, for appellant.

Fritz Krueger, Somerset, for appellees.

STANLEY, Commissioner.

A plat of what is called "The Highlands, An Addition to Eubank," was filed in the office of the County Court Clerk of Pulaski County on June 15, 1920. A tract of land was thereby divided into three blocks with numerous lots and two forty-foot streets running north and south. These platted streets were outlined by plowed furrows at the time of a public auction of the lots. It appears that but few houses have been erected in the "Addition" and most of the property has remained practically as it was before being platted. It has been generally used for cow pastures or permitted to grow up in weeds.

The appellant, Mrs. Martha Salyers, acquired all of the lots numbered 56 to 99, inclusive, in Block B. These form all of the east half of Block B and border upon the platted street between Blocks B and C. Some of the lots abut Somerset Road on the south.

The appellees, Marshall Tackett and his wife, Mrs. Marie Tackett, some time ago acquired all of the lots in Block C, bordering upon the same platted street, as do the lots now owned by the appellant. The ap-

pellees or their predecessors in title years ago erected a building of some sort near the north end of the street and later fenced all of it in and have been using the same in connection with their tier of lots for cultivation or as a pasture.

The appellant brought this suit against the appellees and other persons and the Trustees of the Town of Eubank, seeking an injunction to compel the removal of the obstructions and the opening up of the street or way above described. The court dismissed the complaint against all of the parties except the Tacketts, who pleaded adverse possession. The court after trial expressed the opinion that the rights of any claimant to use the platted street or way had lapsed long ago and the defendants, the Tacketts, were entitled to continue to use it by reason of their adverse possession. The appeal is prosecuted against Tackett and his wife only.

■ The appellees have filed a motion to dismiss the appeal for want of jurisdiction since the value of the property sought to be recovered or "the value of the thing in controversy" is not shown in the record. KRS 21.060. We have construed the statute as not giving jurisdiction to this court merely because injunctive relief is sought or has been granted, as where the subject of the controversy is of such a tangible nature that its valuation may be reasonably fixed. Eversole v. Combs, Ky., 287 S.W.2d 923. But in this case the claimed right of the appellant is not to recover property for herself or for her own benefit. It is to have what is claimed to be a public way opened up and freed of obstruction so that it can be used by the public. This is an intangible right, the nature of which is not translatable into a monetary valuation. McLean v. Thurman, Ky., 273 S.W.2d 825; Burchfield v. Ping, Ky., 284 S.W.2d 818. The motion to dismiss the appeal is, therefore, overruled.

It appears that at least a part of the platted "Addition" is outside the boundaries of the Town of Eubank. No part of it was ever accepted by the town as a city street. So, the question as to the right to obstruct or take over a city street is not involved.

■ It cannot be questioned that the platted street upon which the property of these parties borders was a dedication to the public use and that the purchasers of the lots and their grantees had the right to rely upon that dedication and could ordinarily have its obstruction enjoined. Burnett v. Henderson, 238 Ky. 431, 38 S.W.2d 262; Morrow v. Richardson, 278 Ky. 233, 128 S.W.2d 560; Cassell v. Reeves, Ky., 265 S.W.2d 801; Call v. Goff, Ky., 307 S.W.2d 767. So, the question to be resolved is one of the right of an abutting property owner to permanently obstruct and take over as his own such a dedicated way under a claim of adverse possession.

■ A way dedicated in the manner in which the so-called street to which this case relates was dedicated to public use cannot be regarded as a "public road" in the sense that it became part of the county's system of roads which must be maintained within the meaning of the statute, for the way was never legally accepted or established as such. KRS 178.020, 178.080. Mills v. Dawson, 197 Ky. 518, 247 S.W. 764. But it was and is a public road in the sense that the dedication inured to the benefit of the public, and the public, particularly contiguous property owners, had a right to use it. Rose v. Nolen, 166 Ky. 336, 179 S.W. 229; W. T. Congleton & Co. v. Roberts, 221 Ky. 712, 299 S.W. 579; Burnett v. Henderson, 238 Ky. 431, 38 S.W. 2d 262. This right cannot be destroyed by mere encroachment by the owner of abutting property. 26 C.J.S. Dedication § 54.

The statute, KRS 413.050(2), declares:

"Limitation shall not begin to run in favor of any person in the possession of any part of any public road until written notice is given to the county court of the county in which

the road is situated that the possession is adverse to the right of the public to the use of the road."

So, the right to obstruct a public way or road cannot be acquired by prescription, although the obstructions have been long maintained, unless this statute has been complied with. Mack v. Leavell, 243 Ky. 275, 47 S.W.2d 1067. It was not done here.

We are of opinion, therefore, that the injunction sought by the appellant should have been granted.

The judgment is reversed.