David Charles **BANKS** et al., Appellants,

v.

Ira **WILHOITE** et al., Appellees.

Court of Appeals of Kentucky.

April 19, 1974.

---

1. KRS 211.700–211.730 were repealed by Acts 1972 (1st Ex.Sess.), Ch. 3, Sec. 93, effective January 1, 1973.

William A. Young, Herbert D. Liebman, Frankfort, for appellants.

William M. Johnson, Frankfort, for appellees.

CULLEN, Commissioner.

On February 19, 1963 Ira Wilhoite and wife purchased from Robert Lee Penn a 5.81-acre parcel of Penn's farm, and on the same day Atmore Wilhoite (Ira's brother) purchased from Penn a 4.65-acre parcel of Penn's farm adjoining Ira's parcel on the east. The deed for each parcel described the parcel as "fronting on Cliffside Drive, a street heretofore dedicated for public use," and the description in each deed fixed the north line of Cliffside Drive as the southern boundary of the parcel conveyed.

Penn died in 1968 and in 1969 his heirs sold the remaining portion of his farm, at auction. David Banks and his wife purchased the portion south of the Wilhoite parcels. The deed from the heirs to the Bankses made no reference to Cliffside Drive and it purported to convey to the Bankses all the land south of the Wilhoites' southern boundary line. The Bankses subsequently refused to recognize the existence of Cliffside Drive as a public street and made their position clear by locking a gate. The Wilhoites then brought the instant action seeking a declaration that Cliffside Drive is a dedicated public street.

After a trial of the issues, the circuit court entered judgment declaring that the deeds from Penn to the Wilhoites constituted a dedication of Cliffside Drive to public use and that Penn's heirs and the Bankses as their grantees were estopped to assert that Cliffside Drive is not a public street. The court found that Cliffside Drive was a street 35 feet in width extending from Sullivan Lane (a public road) on the west of the original Penn farm a distance of 2448 feet in an easterly direction along and adjacent to the southern boundary of the Wilhoite parcels. The Bankses and the Penn heirs have appealed from that judgment.

The record discloses that "Cliffside Drive" had its genesis in a plat which Rob-

ert Lee Penn had prepared, prior to 1963, for subdivision of his farm into building lots and baby farms. Cliffside Drive was platted as a street 35 feet in width, running in an easterly direction from Sullivan Lane along the southern boundary of a tract platted as "Farm No. 4" and along the northern boundary of a tract designated "Penn Acres No. 2." The plat never was recorded, but when the Wilhoites were negotiating with Penn he showed them the plat, and at that time the boundaries of the platted street were marked on the ground with "pegs". The parcels purchased by the Wilhoites were the west and middle thirds (approximately) of the tract platted as "Farm No. 4," although they were not purchased by that designation or described in the deed by any reference to the plat. The parcel subsequently purchased by the Bankses is substantially what was platted as "Penn Acres No. 2," plus the disputed street area.

The Wilhoites purchased and used their parcels for farm purposes and did not reside there, so their access requirements were minimal. Shortly after they bought the parcels Penn built a fence along their southern boundary and used the land to the south, including the street area, as pasture land. The Wilhoites testified that this was by agreement. The fence had an unlocked gate at the entrance from Sullivan Lane, and two gates into the Wilhoite parcels. The Wilhoites used the street area as their means of access but the street never was surfaced or improved.

■ The appellants admit that the dedication of land for a use such as a street rests primarily and basically upon the intention of the owner-dedicator, and that the act of dedication may be by deed. See City of Owensboro v. Muster, 111 Ky. 856, 64 S.W. 840.

■■ We have no difficulty in finding ample evidence of intention to dedicate in the flat-out statements in Penn's deeds to the Wilhoites that Cliffside Drive is "a street heretofore dedicated for public use," and in the use in those deeds of Cliffside Drive as a boundary of the conveyed parcels. The fact that the dedication is by way of reference in the deeds, rather than by express dedicating language, is not an obstacle, because there is ample authority for the proposition that a dedication may be made by a sufficient reference in a deed to a street on the grantor's premises. See 26 C.J.S. Dedication § 15, p. 427. See also Wright v. Williams, Ky., 77 S.W. 1128.

We do not say that *any* reference will be enough; we simply hold that the particular reference here involved was ample to show the required element of intent. We do not construe the opinion in Foulk v. City of Louisville, 270 Ky. 828, 110 S.W.2d 665, as expressing a contrary view. The holding there, that a reference in a deed to "the first fifteen-foot alley" west of a certain street did not constitute a dedication, meant only that the particular reference was not sufficient to show the intent to dedicate. The fact that the way involved in the Foulk case was an alley is significant, because alleys more frequently are intended to be private or for limited use and thus there is less basis for an inference of the intent to dedicate for public use. See 23 Am.Jur.2d, Dedication, sec. 23, p. 21.

■ As concerns the matter of acceptance of the dedication, the rule is that in case of a dedication by a plat, or by a sale by reference to a plat, no acceptance is required to make the dedication effective as to a grantee. See Salyers v. Tackett, Ky., 322 S.W.2d 707; Potter v. Citation Coal Company, Ky., 445 S.W.2d 128; Volpenheim v. Westerfield, 216 Ky. 157, 287 S.W. 545; Burnett v. Henderson, 238 Ky. 431, 38 S.W.2d 262; 26 C.J.S. Dedication § 52, pp. 530, 531; 26 C.J.S. Dedication § 58, p. 543. We think the same rationale is applicable to a dedication by reference in a deed, because in either case elements of estoppel are involved.

■ We do not consider it fatal to the dedication in the instant case that the deeds to the Wilhoites did not define the

width or length of Cliffside Drive. The width and length of a dedicated street depend on the intention of the grantor as manifested in the dedication instrument and gathered from the surrounding circumstances. 26 C.J.S. Dedication § 51, pp. 527, 528. We think it was permissible and appropriate for the circuit court to resort to the proposed plat, as a surrounding circumstance, to determine the width and length of Cliffside Drive.

The judgment is affirmed.

All concur.